No cv 71
No cv 30



FILED
CLERK, U.S. DISTRICT COURT

AUG - 7 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**RENE MOORE**
**1236 REDONDO BLVD**
**LOS ANGELES, CALIFORNIA 90019**
**(323) 932 9439**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RENE MOORE,** AN INDIVIDUAL,<br><br>        Plaintiff,<br><br>vs.<br><br>**UNIVERSAL MUSIC GROUP, INC.,** A DELAWARE CORPORATION; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>        Defendant | Case No.: Number<br>**2:25cv 07540-UA**<br><br>**COMPLAINT FOR:**<br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)**<br>**2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)**<br>**3. BREACH OF CONTRACT**<br>**4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**5. ACCOUNTING**<br>**6. DECLARATORY RELIEF**<br>**7. FRAUDULENT CONCEALMENT**<br>**8. UNJUST ENRICHMENT**<br>**9. INTENTIONAL MISREPRESENTATION**<br>**10. NEGLIGENT MISREPRESENTATION**<br>**11. BREACH OF FIDUCIARY DUTY**<br>**12. CONVERSION**<br>**13. CONSTRUCTIVE TRUST**<br>**14. RESCISSION**<br>**15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)**<br>**16. QUANTUM MERUIT**<br>**17. INJUNCTIVE RELIEF**<br>**18. PUNITIVE DAMAGES** |

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 1

## DEMAND FOR JURY TRIAL

## I. INTRODUCTION

**1.** This action arises from a longstanding and systematic scheme by **Defendant Universal Music Group, Inc. ("UMG")** to unlawfully exploit the creative works and intellectual property of Plaintiff Rene Moore, a world-renowned recording artist, Grammy nominated producer, and songwriter. Over the course of Moore's distinguished career, UMG has concealed royalties, engaged in unauthorized licensing, unlawfully retained ownership of Moore's master recordings, and misrepresented material contractual terms to deprive Plaintiff of his rightful earnings.

2. Plaintiff brings this action to recover substantial unpaid royalties, demand the return of master recordings wrongfully classified as "works made for hire," and seek disgorgement of all profits derived from Defendant's unauthorized use of Moore's catalog. This Complaint asserts **violations of the Copyright Act (17 U.S.C. §§ 101, 501), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200),** and various common law causes of action, including breach of contract, fraud, unjust enrichment, and conversion.

3. UMG's conduct constitutes a deliberate and unlawful pattern of mismanagement, deception, and bad faith. By misclassifying Moore's master recordings under the false designation of "works made for hire," UMG has unlawfully retained control of valuable intellectual property that should have reverted to Moore under the **Copyright Act's termination provisions (17 U.S.C. §§ 203, 304(c)).**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 2

4. The facts supporting this Complaint trace back to two key agreements executed by Plaintiff: (1) an Artist Agreement with Capitol Records in 1979 as part of the duo **"Rene & Angela,"** and (2) a Recording and Licensing Agreement with Polygram Records in 1987 governing Moore's solo career. Both agreements were assumed by UMG following the corporate acquisition of Capitol and Polygram. Despite fulfilling all contractual obligations, Moore has been systematically deprived of fair compensation through unlawful cross-collateralization, concealed licensing arrangements, and the withholding of streaming royalties.

5. In a particularly egregious violation, UMG applied royalties earned from the fully recouped Rene & Angela account to satisfy unrelated debts from Moore's solo career, a practice expressly prohibited by the Polygram contract. UMG swept 50% of Moore's royalties from the joint account into Moore's solo account, violating industry norms and established legal precedents. (*F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010)).

6. In addition to financial mismanagement, UMG has unlawfully profited from Moore's works on digital streaming platforms such as Spotify, Apple Music, and Amazon Music, without compensating Moore for the use of his catalog in these formats. UMG's exploitation of Moore's recordings in film, television, and advertising further highlights a blatant disregard for Moore's contractual rights and intellectual property interests.

7. Plaintiff seeks the following remedies:

- Return of all master recordings wrongfully retained under false "works made for hire" classifications;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 3

- An accounting of all royalties from the inception of Moore's contracts to the present;

- Disgorgement of profits derived from UMG's unlawful exploitation of Plaintiff's works, with treble damages under the Copyright Act;

- Injunctive relief to prevent UMG from further profiting from Moore's intellectual property without proper compensation; and

- Punitive damages for UMG's willful and fraudulent concealment of Moore's royalties, constituting fraudulent misrepresentation under *Lazar v. Superior Court*, 12 Cal. 4th 631 (1996).

8. Moore also seeks declaratory relief to establish his rightful ownership of the master recordings under the Copyright Act's termination rights, citing *Marcus v. ABC Network, Inc.*, 695 F. Supp. 2d 1017 (C.D. Cal. 2010), which affirmed that wrongful classification of intellectual property as "work for hire" entitles the artist to recover ownership rights.

II. PARTIES

9. Plaintiff Rene Moore is an internationally recognized artist residing in Los Angeles, California. Moore has built an illustrious career as a recording artist, producer, and songwriter, earning significant acclaim for his contributions to the R&B, pop, and soul genres. Moore's works, both as a solo artist and as part of the duo "Rene & Angela," have sold millions of copies worldwide and continue to generate significant revenue.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 4

10. Defendant Universal Music Group, Inc. is a Delaware corporation with its principal place of business at 2220 Colorado Avenue, Santa Monica, California. UMG is one of the largest music corporations globally and serves as the successor-in-interest to Capitol Records and Polygram Records. UMG engages in the production, licensing, and distribution of musical recordings, including Plaintiff's works, across various platforms and media.

11. DOES 1 through 20 are individuals and entities whose identities are currently unknown to Plaintiff. Plaintiff alleges that these parties participated in or facilitated the wrongful acts described herein, including financial mismanagement, fraudulent concealment of royalties, and unauthorized exploitation of Moore's intellectual property. Upon discovery, Plaintiff will amend this Complaint to identify these individuals and entities by name.

12. Defendant UMG, directly and through its affiliates, subsidiaries, and agents, conducts extensive business in California, where the relevant contracts were negotiated, executed, and performed. As such, Defendant is subject to the jurisdiction of this Court.

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. §§ 1331 and 1338(a)**, as this case arises under the **Copyright Act of 1976** (17 U.S.C. § 101 et seq.), implicating questions of federal law. Plaintiff asserts claims for **copyright infringement** (17 U.S.C. § 501), **declaratory relief** under the Copyright Act's termination provisions (17 U.S.C. §§ 203, 304(c)), and demands the **disgorgement of profits** and **statutory damages** as provided by **17 U.S.C. § 504(b)**.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 5

**14.** The Court also exercises **supplemental jurisdiction** over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367(a)**, as these claims—**breach of contract, fraudulent concealment, breach of fiduciary duty, unjust enrichment, conversion, and violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)**—are so intertwined with the federal causes of action that they form part of the same case or controversy under **Article III of the U.S. Constitution**.

**15.** Venue is proper in this District pursuant to **28 U.S.C. §§ 1391(b)(2) and 1400(a)** because:

a. A substantial part of the events or omissions giving rise to this action occurred in this District, including the negotiation, execution, and performance of the Capitol Records and Polygram Records agreements at issue;

b. Defendant Universal Music Group, Inc. ("UMG") maintains its principal place of business in **Santa Monica, California**, which is located within this judicial district; and

c. Defendant's ongoing acts of copyright infringement, fraudulent concealment, and financial mismanagement concerning Plaintiff's works continue to occur within this District.

**16.** This Court has personal jurisdiction over Defendant UMG because it is domiciled and conducts continuous and systematic business operations in California, including the production, licensing, and distribution of Plaintiff's musical works within this District. UMG's extensive commercial activities include:

a. Operating and managing corporate headquarters in Santa Monica, California;

b. Administering royalty accounts and financial records affecting Plaintiff's rights from offices

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 6

located in this District;

c. Overseeing the licensing and distribution of Plaintiff's intellectual property, including digital streaming services, physical reissues, and synchronized placements in film, television, and advertisements originating from California.

17. This Court further has jurisdiction over Defendant pursuant to **Cal. Code Civ. Proc. § 410.10**, California's long-arm statute, as UMG's conduct has resulted in harm to Plaintiff within the state of California. Defendant's wrongful actions, including the unauthorized retention of royalties, misclassification of master recordings, and suppression of audit rights, constitute purposeful availment of California's jurisdiction and satisfy the "minimum contacts" standard set forth in **International Shoe Co. v. Washington**, 326 U.S. 310 (1945).

18. In **Marcus v. ABC Network, Inc.**, 695 F. Supp. 2d 1017 (C.D. Cal. 2010), the court affirmed jurisdiction in California where infringing activities affecting the plaintiff occurred within the state, reinforcing the applicability of personal jurisdiction in cases involving wrongful use and classification of intellectual property. Plaintiff's case mirrors this precedent, as UMG's infringing conduct involves the ongoing retention and exploitation of Moore's intellectual property from California-based offices.

19. Venue is additionally proper under **28 U.S.C. § 1391(b)(1)** because Defendant UMG "resides" in this District by virtue of maintaining its headquarters and principal operations here. As articulated in **Hoffman v. Blaski**, 363 U.S. 335 (1960), a corporate defendant resides in any district where it is subject to personal jurisdiction at the commencement of the action.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 7

**20.** Plaintiff's claims for violations of **California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)**, as well as common law claims for fraud and breach of fiduciary duty, are appropriately heard in this District because the contracts at issue were executed in California, and the harm resulting from Defendant's conduct primarily occurred within the state.

**21.** Plaintiff seeks injunctive relief to prevent ongoing copyright infringement and financial mismanagement, pursuant to **17 U.S.C. § 502(a)**, which authorizes federal courts to enjoin further acts of infringement. This District is the appropriate forum to enforce such injunctive relief given UMG's primary business operations in California.

**22.** Venue is also proper for Plaintiff's claims seeking the **return of master recordings** wrongfully retained by Defendant under the pretext of "works made for hire" designations. In **Kirtsaeng v. John Wiley & Sons, Inc.**, 579 U.S. 197 (2016), the U.S. Supreme Court reaffirmed that copyright disputes, particularly those seeking reversion or termination of rights, are appropriately adjudicated in federal courts exercising jurisdiction over the domicile of the alleged infringer.

**23.** As Plaintiff's recordings from 1979 and the early 1980s became eligible for termination beginning in 2014, Defendant's refusal to comply with Moore's termination notices represents an actionable violation within this jurisdiction. Defendant's wrongful retention of Plaintiff's intellectual property within this District further cements venue under **28 U.S.C. § 1400(a)**.

**Summary of Jurisdictional Claims and Relief**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 8

- Federal question jurisdiction under **28 U.S.C. §§ 1331, 1338(a)** for claims involving copyright infringement, declaratory relief, and disgorgement of profits;

- Supplemental jurisdiction over state law claims under **28 U.S.C. § 1367(a)**;

- Proper venue under **28 U.S.C. §§ 1391(b)(1), (b)(2), and 1400(a)** due to Defendant's residence and the locus of infringing acts within this District;

- Personal jurisdiction based on Defendant's systematic business operations in California, and purposeful engagement in activities harming Plaintiff within the state;

- Injunctive relief and return of master recordings sought under **17 U.S.C. § 502(a)** and termination provisions of the Copyright Act.

## IV. FACTUAL ALLEGATIONS

- **Overview of Plaintiff's Career and Agreements**

- **24.** Plaintiff Rene Moore ("Moore" or "Plaintiff") is an internationally recognized recording artist, producer, and songwriter whose works have significantly contributed to the music industry since the late 1970s. Moore first gained prominence as part of the musical duo **Rene & Angela**, alongside Angela Winbush, and later embarked on a successful solo career under contracts with major record labels.

- **25.** Plaintiff entered into recording and production agreements with Defendant Universal Music Group, Inc. ("UMG"), through its predecessor entities **Capitol Records (1979 Agreement)** and **Polygram Records (1987 Agreement)**. These agreements governed

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 9

Plaintiff's rights and obligations concerning the creation, production, and distribution of musical works.

- **26.** Under these agreements, Plaintiff's services as an artist and producer were rendered **exclusively** to Capitol and Polygram, providing Defendant with the right to exploit Moore's musical works in exchange for **royalty payments and financial compensation.**

- **27.** Plaintiff fully complied with all contractual obligations by delivering albums, promotional services, and live performances as required by the agreements. Over the decades, Moore's recordings have generated millions of dollars through record sales, licensing, streaming, and synchronization.

- **28.** Despite Plaintiff's full performance, Defendant UMG has engaged in **systematic financial mismanagement, fraudulent concealment, and copyright infringement** by failing to properly account for royalties, withholding payments, and unlawfully cross-collateralizing Plaintiff's earnings.

- 

- **Capitol Records Agreement (1979) – Rene & Angela Duo**

- **29.** In 1979, Plaintiff, alongside Angela Winbush, entered into an Artist Agreement with Capitol Records for the creation and distribution of albums under the name **Rene & Angela**.

- **30.** The **Capitol Records Agreement** included the following key terms:

  a. **Initial Term:** One year, with the option to extend for three additional one-year periods

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 10

at Capitol's discretion.

b. **Minimum Recording Obligation:** Plaintiff was required to record and deliver at least one long-playing album (LP) per year during the initial and option periods.

c. **Royalty Rates:**

i. **16%** of net sales for albums sold in the United States and international markets;

ii. **6%** of net sales for albums distributed in Canada.

d. **Advances:** Plaintiff and Winbush were entitled to a joint annual advance of **$6,000,** split equally between them.

e. **Exclusivity Clause:** Plaintiff's services were rendered exclusively to Capitol Records, precluding Moore from engaging in recording or distribution with any competing record labels during the term of the agreement.

f. **Performance Obligations:** Plaintiff was contractually required to engage in promotional appearances, performances, and interviews in support of albums released under Capitol's label.

- **31.** Capitol Records retained the **right of first refusal** for additional recording options under the same terms as the initial period.

- **32.** Capitol asserted ownership over master recordings produced during the term, designating them as **"works made for hire"** pursuant to the contract. Plaintiff disputes this classification, asserting that the Copyright Act excludes sound recordings from the **"work for hire"** definition, as affirmed by case law and statutory interpretation.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 11

- **Polygram Records Agreement (1987) – Solo Career**

- **33.** In 1987, following the disbandment of Rene & Angela, Plaintiff entered into a **Recording and Licensing Agreement** with **Polygram Records, Inc.** ("Polygram") to govern his solo career. This agreement granted Polygram exclusive rights to distribute and license Moore's solo works.

- **34.** The **Polygram Agreement** contained the following material provisions:

  a. **Initial Term:** Seven months following the delivery of master recordings, subject to extensions by Polygram's exercise of optional periods.

  b. **Minimum Album Obligations:**

  i. Plaintiff was required to deliver **two albums** during the initial term;

  ii. Subsequent option periods required the delivery of **two albums for the second term** and **three albums for the third term**.

  c. **Budgetary Restrictions:** Album budgets were capped at **$100,000** unless otherwise approved in writing by Polygram.

  d. **Master Recordings Ownership:** Polygram designated all master recordings as **"works made for hire"**, thereby asserting perpetual ownership of Moore's recordings.

  e. **Prohibition on Retroactive Application:** The agreement explicitly prohibited Polygram from applying earnings from recordings made under the **Rene & Angela** contract to Moore's obligations under his solo career agreements.

-

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 12

- **UMG's Fraudulent Conduct and Breach of Contract**

- **35.** Despite Plaintiff's full performance, UMG has engaged in systematic financial misconduct, including **fraudulent concealment, cross-collateralization of royalties, and misappropriation of funds** from fully recouped accounts.

- **36.** Plaintiff alleges that UMG:

   a. Unlawfully **cross-collateralized** royalties earned from **Rene & Angela's fully recouped account** by applying 50% of Moore's share to cover **unrecouped balances** from unrelated solo accounts.

   b. Diverted royalties derived from the sale of Plaintiff's duo albums to offset debts unrelated to Plaintiff's solo obligations, despite express contractual prohibitions against such practices.

   c. Concealed royalty statements and financial records, failing to provide Plaintiff with a transparent accounting of revenues generated by streaming, physical reissues, and digital downloads.

- **37.** UMG's conduct contravenes established industry norms and legal precedent. In **F.B.T. Prods., LLC v. Aftermath Records**, 621 F.3d 958 (9th Cir. 2010), the Ninth Circuit ruled in favor of artists, holding that **record labels cannot manipulate contract language to justify underpayment or misallocation of royalties.**

- 

- **Non-Payment of Streaming and Digital Royalties**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 13

- **38.** The Capitol and Polygram Agreements predate the emergence of digital streaming and downloads. Nevertheless, UMG has exploited Plaintiff's catalog through streaming platforms (including Spotify, Apple Music, and Amazon) without providing proper royalty payments.

- **39.** Plaintiff has received no accounting or compensation for digitally remastered reissues and synchronization placements of his recordings.

- **40.** In **Newton v. Diamond**, 388 F.3d 1189 (9th Cir. 2004), the court recognized that **failure to compensate artists for derivative uses of their works constitutes actionable copyright infringement**. UMG's unauthorized exploitation of Moore's catalog mirrors this precedent.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §§ 106, 501 – Against UMG and DOES 1-20)

41. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

42. Plaintiff Rene Moore is the exclusive author and owner of copyrighted musical works that were recorded, produced, and released under agreements with Capitol Records and Polygram Records, now under the ownership and control of Defendant Universal Music Group, Inc. ("UMG").

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 14

43. These musical works include, but are not limited to, compositions and recordings produced by Plaintiff in collaboration with Angela Winbush as part of the musical duo "Rene & Angela," as well as Plaintiff's subsequent solo projects.

44. Plaintiff's works are protected under the Copyright Act, codified at 17 U.S.C. § 101 et seq., which grants authors exclusive rights to control the reproduction, distribution, performance, and licensing of their original works.

45. Under 17 U.S.C. § 106, Plaintiff holds the exclusive rights to:

a. Reproduce the copyrighted works;

b. Prepare derivative works;

c. Distribute copies to the public by sale or other transfer of ownership;

d. Perform the copyrighted works publicly; and

e. Authorize others to exercise these rights through licensing or other arrangements.

46. Despite Plaintiff's ownership and exclusive rights under the Copyright Act, Defendant UMG, without authorization or legal justification, willfully infringed upon Plaintiff's copyrights by:

a. Reproducing Plaintiff's master recordings and compositions;

b. Distributing and licensing Plaintiff's works through physical releases, streaming services (including Spotify, Apple Music, and Amazon Music), and digital downloads;

c. Monetizing remastered versions of albums recorded during Plaintiff's tenure with Capitol Records and Polygram Records;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 15

d. Failing to provide accounting, royalties, or proceeds from unauthorized uses of Plaintiff's works; and

e. Concealing licensing agreements and third-party deals regarding Plaintiff's musical catalog.

47. UMG's actions directly violate 17 U.S.C. § 501(a), which provides that "anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 is an infringer of the copyright."

48. Defendant's acts of infringement are not incidental or accidental but reflect a calculated scheme to exploit Plaintiff's intellectual property for UMG's financial gain, constituting willful, deliberate, and malicious infringement as described in Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016).

49. In Marcus v. ABC Network, Inc., 695 F. Supp. 2d 1017 (C.D. Cal. 2010), the court reaffirmed that unauthorized reproduction and distribution of copyrighted works entitles the copyright holder to seek actual damages and disgorgement of profits attributable to the infringement. Plaintiff seeks similar relief in the present matter, asserting that Defendant's unauthorized distribution and re-releases of his works constitute significant violations under § 504(b) of the Copyright Act.

50. Defendant's assertion that Plaintiff's master recordings were "works made for hire" is unlawful and conflicts with established case law, including Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989), which clarified that sound recordings are not

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 16

among the nine categories of works eligible for "work for hire" designation under the Copyright Act.

51. Defendant has continued to assert ownership and exploit Plaintiff's master recordings in violation of Plaintiff's termination rights under 17 U.S.C. §§ 203 and 304(c). These statutory provisions enable authors to reclaim copyrights 35 years after initial publication. Plaintiff's recordings from the late 1970s and early 1980s became eligible for termination as early as 2014, yet Defendant has unlawfully retained ownership and revenue generated from these works.

52. Plaintiff alleges that Defendant's infringement encompasses both direct and indirect infringement, as UMG facilitated third-party licensing and sub-distribution deals without Plaintiff's knowledge or authorization.

53. In Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700 (9th Cir. 2004), the Ninth Circuit confirmed that copyright holders may recover profits from indirect infringement, even where direct evidence of infringement is unavailable. Plaintiff seeks a full accounting and disgorgement of all profits generated through UMG's unauthorized exploitation of his works.

54. Plaintiff further alleges that Defendant's conduct reflects fraudulent concealment and misrepresentation, consistent with the principles set forth in Lazar v. Superior Court, 12 Cal. 4th 631 (1996). Defendant actively concealed licensing agreements and profits derived from Plaintiff's works, further aggravating the infringement.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 17

55. UMG's actions have caused Plaintiff irreparable harm, including loss of income, market share, and the inability to control his artistic legacy and creative catalog. As articulated in Walt Disney Co. v. Powell, 897 F.2d 565 (D.C. Cir. 1990), irreparable harm from copyright infringement justifies injunctive relief to prevent further exploitation and distribution of the infringed works.

56. Plaintiff seeks:

a. Actual damages pursuant to 17 U.S.C. § 504(b), including all profits attributable to the infringement;

b. Statutory damages for willful infringement as authorized by 17 U.S.C. § 504(c)(2);

c. Injunctive relief under 17 U.S.C. § 502, enjoining Defendant from further reproduction, distribution, or licensing of Plaintiff's copyrighted works without proper authorization;

d. An order compelling the return of all master recordings wrongfully retained by UMG under the guise of "work for hire" agreements;

e. Full disgorgement of profits derived from the exploitation of Plaintiff's intellectual property, with treble damages under the Copyright Act; and

f. Reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

57. Plaintiff reserves the right to amend this Complaint to reflect additional instances of infringement as further investigation and discovery proceed.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 18

## SECOND CAUSE OF ACTION

**(Remedy of Disgorgement – All Profits from Inception with Treble Damages – Against UMG and DOES 1-20)**

58. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

59. Plaintiff asserts that Defendant Universal Music Group, Inc. ("UMG"), through its wrongful and unlawful conduct, has retained substantial profits derived from the unauthorized reproduction, distribution, and licensing of Plaintiff's copyrighted works without issuing proper royalties or obtaining Plaintiff's authorization.

60. The remedy of disgorgement is appropriate and necessary to prevent unjust enrichment resulting from Defendant's infringement and wrongful retention of profits generated by Plaintiff's intellectual property.

61. Defendant's misconduct constitutes both **willful infringement** of Plaintiff's exclusive rights under the Copyright Act (17 U.S.C. § 106) and **fraudulent concealment** of revenues derived from unauthorized commercial exploitation of Plaintiff's works, warranting **disgorgement of all profits dating from the inception of the infringing activity.**

62. **Legal Basis for Disgorgement of Profits:**

a. **17 U.S.C. § 504(b)** permits the recovery of all profits attributable to the infringement, whether direct or indirect. This provision mandates that the infringer bear the burden of

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 19

proving deductible costs, while the copyright owner need only demonstrate the gross revenues derived from the infringement.

b. In **Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390 (1940)**, the Supreme Court upheld the principle that **disgorgement of profits** may extend to all gains derived from wrongful conduct, emphasizing that an infringer should not profit from intellectual property obtained without proper authorization.

c. Similarly, in **Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700 (9th Cir. 2004)**, the Ninth Circuit recognized that copyright owners may recover profits from indirect infringement, even if the precise volume of sales or earnings cannot be directly quantified. This reflects the equitable principle that any uncertainty in calculation should benefit the non-breaching party rather than the wrongdoer.

63. Defendant UMG's systemic pattern of unauthorized use and exploitation of Plaintiff's works – including the sweeping of royalties into unrelated accounts, refusal to account for revenues from streaming, and mischaracterization of Plaintiff's works as "works made for hire" – constitutes egregious misconduct justifying the **broadest measure of profit disgorgement** under the Copyright Act.

64. Plaintiff asserts that UMG engaged in **bad faith accounting practices, fraudulent concealment, and deliberate misrepresentation** by:

a. **Cross-collateralizing royalties** from Plaintiff's fully recouped joint Rene & Angela account against unrelated solo projects, in violation of the terms of the Polygram Records

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 20

and Capitol Records agreements;

b. Failing to **disclose licensing and synchronization agreements** relating to Plaintiff's works for use in films, television, and commercial advertisements;

c. **Retaining royalties in suspense accounts** or black-box pools while falsely asserting that Plaintiff's whereabouts were unknown, despite regular communications between Plaintiff and Defendant;

d. Engaging in willful misclassification of Plaintiff's master recordings as **"works made for hire"** to unjustly retain ownership and profits derived from these assets, contrary to the ruling in **Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989)**, which held that sound recordings are not included among the nine statutory categories eligible for work-for-hire designation.

65. Defendant's continued refusal to provide Plaintiff with access to royalty portals or historical accounting records constitutes an **intentional obstruction of justice,** further justifying the application of disgorgement and treble damages.

**Calculation of Disgorgement – Plaintiff's Entitlement to Full Profits**

66. Plaintiff asserts that Defendant's actions have resulted in the generation of **millions of dollars** in revenue through the unauthorized distribution, streaming, and licensing of Plaintiff's musical works since the initial release of Plaintiff's albums in the late 1970s and early 1980s.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 21

67. In **Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016),** the Supreme Court reaffirmed that the disgorgement of profits serves both **compensatory and deterrent** functions by ensuring that infringers do not retain any financial benefit from unlawful conduct.

68. Plaintiff contends that UMG's unlawful conduct warrants **complete disgorgement of all revenues,** including:

a. **Direct profits** derived from record sales, streaming, digital downloads, and physical re-releases;

b. **Indirect profits** resulting from licensing agreements, synchronization rights, and third-party usage;

c. **Interest accrued** on funds held in black-box accounts or suspense accounts attributable to Plaintiff's works;

d. **Unpaid royalties** from international distribution and remastered editions of Plaintiff's albums, dating back to the initial commercial release of these works.

**Treble Damages for Willful Infringement and Fraudulent Conduct**

69. Plaintiff seeks an award of **treble damages** under **17 U.S.C. § 504(c)(2),** which permits enhanced damages for willful infringement. Defendant's deliberate concealment, bad faith accounting, and obstruction of Plaintiff's termination rights constitute **extraordinary circumstances** warranting the maximum statutory award.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 22

70. In **Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983),** the court held that treble damages are appropriate where infringers **willfully conceal** profits, demonstrating that **deterrent measures** are necessary to prevent future misconduct. Defendant's pattern of conduct aligns with this precedent, as UMG consistently withheld accounting records, concealed revenues, and engaged in **fraudulent cross-collateralization.**

71. Plaintiff further alleges that UMG's conduct involved **reckless disregard for industry norms and fair dealing,** reflecting systemic exploitation of legacy artists. In **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010),** the Ninth Circuit ruled that willful manipulation of royalty terms to minimize artist compensation constitutes actionable misconduct warranting punitive measures.

72. Defendant's unlawful retention of Plaintiff's profits and continued exploitation of Plaintiff's intellectual property without authorization constitutes a **knowing and deliberate violation of Plaintiff's rights,** justifying maximum statutory damages.

**Relief Sought – Disgorgement and Treble Damages**

WHEREFORE, Plaintiff prays for judgment as follows:

a. An order requiring Defendant to **fully account for and disgorge all profits** generated from the unauthorized use, reproduction, distribution, and licensing of Plaintiff's copyrighted works from the date of the first infringing activity to the present;

b. An award of **treble damages** for willful infringement pursuant to **17 U.S.C. § 504(c)(2);**

c. Injunctive relief prohibiting Defendant from further reproducing, distributing, or profiting

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 23

from Plaintiff's works without Plaintiff's express written authorization;

d. The return of all master recordings and intellectual property wrongfully retained by Defendant;

e. Reasonable attorneys' fees, costs, and interest as authorized by **17 U.S.C. § 505;** and

f. Such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**(Breach of Contract – Against UMG and DOES 1-20)**

73. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

74. This cause of action arises from Defendant Universal Music Group, Inc.'s ("UMG") breach of multiple recording, licensing, and production agreements entered into between Plaintiff and UMG's predecessor entities, including Capitol Records and Polygram Records, beginning in 1979.

75. Plaintiff entered into these agreements in good faith, fully complying with all contractual obligations, including the recording and delivery of albums, promotional services, live performances, and exclusive production efforts, as required under the terms of the agreements.

76. In exchange for these services, UMG contractually agreed to:

a. Pay Plaintiff **royalties** on net sales of albums, singles, and licensed recordings at specified rates (16% for U.S. and international sales, 6% for Canadian sales);

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 24

b. Provide **annual advances** of $6,000 during the term of the agreements;

c. Issue royalty statements and accountings to Plaintiff reflecting the full scope of revenues derived from Plaintiff's musical works, including but not limited to physical sales, streaming, synchronization licensing, and international distribution;

d. Maintain accurate financial records and permit Plaintiff to audit those records to verify proper royalty payments;

e. Refrain from applying **cross-collateralization** between unrelated projects or agreements; and

f. Return master recordings to Plaintiff or provide for termination rights as allowed under the Copyright Act.

## BREACH OF MATERIAL TERMS

77. Defendant breached the express and implied terms of the agreements in the following ways:

a. **Unlawful Cross-Collateralization** – UMG swept royalties from Plaintiff's fully recouped Rene & Angela joint account and applied those funds to Plaintiff's unrecouped solo accounts, despite express prohibitions against cross-collateralization between unrelated projects. This violated the terms of the 1987 Polygram Agreement, which explicitly excluded prior recordings from satisfying obligations under future contracts;

b. **Failure to Pay Royalties** – Defendant failed to issue proper and timely royalty payments for digital streaming, downloads, remastered releases, and international

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 25

licensing, thereby depriving Plaintiff of significant earnings;

c. **Fraudulent Accounting** – UMG deliberately withheld accounting records, misrepresented sales figures, and concealed third-party licensing agreements that generated substantial revenues from Plaintiff's works. Plaintiff contends that Defendant maintained these funds in suspense accounts or diverted them into general revenue streams to avoid payment;

d. **Non-Payment for Streaming and New Formats** – The agreements predate the existence of streaming services, digital downloads, and new technological formats. Despite this, UMG continued to exploit Plaintiff's works on platforms such as Spotify, Apple Music, Amazon Music, and others without compensating Plaintiff or negotiating new terms to cover these emerging distribution channels;

e. **Failure to Return Master Recordings** – UMG unlawfully retained ownership of Plaintiff's master recordings under the **false classification of "works made for hire,"** despite the fact that sound recordings do not qualify as works made for hire under the Copyright Act (17 U.S.C. § 101). Plaintiff's rights to reclaim the masters under the **35-year termination provisions** were ignored by UMG, further constituting a breach of contract; and

f. **Mismanagement of Black Box Royalties** – Defendant diverted Plaintiff's royalties into "black box" accounts, alleging Plaintiff's whereabouts were unknown despite continued communications between Plaintiff and UMG.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 26

78. **Legal Basis and Precedent:**

a. In **Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317 (2000),** the California Supreme Court held that failure to honor contractual obligations, including compensation terms, constitutes a material breach entitling the non-breaching party to damages. UMG's withholding of royalty payments and cross-collateralization practices mirror this precedent;

b. In **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010),** the Ninth Circuit ruled that record labels' manipulation of contract language to justify lower royalty payments or conceal earnings constitutes actionable breach. Plaintiff's claims align with this case, as UMG reinterpreted the contract's plain language to allow cross-collateralization and suppress royalty payments;

c. In **Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342 (1992),** the California Supreme Court reaffirmed that bad faith interference with the right to receive contract benefits constitutes a breach of the implied covenant of good faith and fair dealing. Defendant's concealment of Plaintiff's earnings and refusal to provide transparent accountings reflects similar bad faith conduct;

d. **Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003)** addressed royalty mismanagement and held that record companies' failure to provide accurate financial disclosures could justify damages and injunctive relief.

**DAMAGES AND HARM RESULTING FROM BREACH**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 27

79. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered the following damages:

a. **Loss of royalties** in an amount to be determined at trial, but estimated to be in the millions of dollars due to streaming, international licensing, and unauthorized cross-collateralization;

b. **Loss of ownership** of Plaintiff's master recordings, resulting in significant financial harm and the inability to commercially exploit or license his works independently;

c. **Emotional distress** and reputational harm arising from Defendant's deliberate concealment of Plaintiff's rightful earnings and failure to acknowledge his termination rights;

d. **Loss of creative control** over Plaintiff's catalog, as UMG continues to exploit Plaintiff's intellectual property without consultation or authorization; and

e. **Injunctive harm** stemming from UMG's ongoing failure to return Plaintiff's masters or cease the unauthorized exploitation of his works.

80. Plaintiff is entitled to compensatory damages for the full value of unpaid royalties, as well as restitution and disgorgement of profits unlawfully retained by Defendant through its breaches.

81. Plaintiff further seeks **rescission of the relevant agreements** pursuant to California Civil Code § 1689, as Defendant's fraudulent misrepresentation and willful breach frustrate the purpose of the contracts.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 28

82. Plaintiff is entitled to pre-judgment interest, attorneys' fees, and costs incurred as a result of this litigation, consistent with the provisions of California law and the express terms of the agreements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. **Compensatory damages** in an amount to be proven at trial for unpaid royalties and lost earnings;

b. **Rescission** of the contracts and return of Plaintiff's master recordings;

c. **Restitution and disgorgement** of all profits derived from the unauthorized exploitation of Plaintiff's works;

d. **Injunctive relief** prohibiting Defendant from further distribution or exploitation of Plaintiff's works without express authorization;

e. An order for **full accounting and financial disclosure** of all revenues derived from Plaintiff's intellectual property;

f. **Punitive damages** for willful breach, fraudulent conduct, and bad faith accounting; and

g. Such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

**(Breach of Covenant of Good Faith and Fair Dealing – Against UMG and DOES 1-20)**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 29

83. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

84. This cause of action arises from Defendant Universal Music Group, Inc.'s ("UMG") breach of the implied covenant of good faith and fair dealing inherent in the recording, licensing, and production agreements entered into between Plaintiff and UMG's predecessor entities, including Capitol Records and Polygram Records.

85. Under California law, every contract carries with it an implied covenant of good faith and fair dealing, which imposes a duty on each party to refrain from conduct that unfairly interferes with the right of the other party to receive the full benefits of the contract.

86. Plaintiff entered into these agreements with the reasonable expectation that UMG would perform in good faith by:

a. Accurately accounting for royalties and sales generated from Plaintiff's works;

b. Disbursing payments in a timely and transparent manner;

c. Providing Plaintiff access to royalty records and audit rights to ensure accurate reporting;

d. Refraining from manipulating contract terms to Plaintiff's detriment, including engaging in unauthorized cross-collateralization; and

e. Facilitating Plaintiff's rights to reclaim ownership of master recordings in accordance with the Copyright Act and the termination rights afforded under 17 U.S.C. § 203 and § 304(c).

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 30

## DEFENDANT'S BAD FAITH CONDUCT

87. Defendant breached the covenant of good faith and fair dealing through conduct designed to deprive Plaintiff of the benefits of the contracts, including but not limited to:

a. **Concealment of Royalties and Licensing Revenues** – UMG knowingly withheld or misrepresented the scope of licensing deals, international sales, and streaming revenues generated from Plaintiff's works. Despite Plaintiff's repeated requests for full accountings, Defendant either refused to disclose this information or intentionally delayed its release to frustrate Plaintiff's rights;

b. **Sweeping of Funds Across Accounts** – Defendant engaged in unauthorized cross-collateralization by applying royalties from Plaintiff's fully recouped Rene & Angela account to unrecouped balances in Plaintiff's solo account, in direct contravention of the express terms of the Polygram Agreement. This practice was not disclosed until a 2023 Zoom meeting, where UMG falsely asserted that such actions were permissible under contract terms;

c. **Deliberate Misclassification of Masters** – UMG falsely classified Plaintiff's master recordings as "works made for hire" to unlawfully retain ownership, despite the Copyright Act's explicit exclusion of sound recordings from this designation. Defendant's refusal to honor Plaintiff's termination rights and return the masters constitutes willful bad faith conduct;

d. **Retention of Black Box Royalties** – UMG transferred substantial portions of

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 31

Plaintiff's royalties into suspense or black box accounts, falsely claiming that Plaintiff's whereabouts were unknown. This assertion was made despite ongoing communication between Plaintiff and Defendant, underscoring Defendant's intent to defraud and deprive Plaintiff of his earnings;

e. **Failure to Pay Streaming and Digital Revenues** – Defendant refused to pay royalties for digital distribution and streaming platforms, despite continued exploitation of Plaintiff's works across services such as Spotify, Apple Music, and Amazon. UMG's refusal to renegotiate terms to account for new technological formats reflects willful obstruction of Plaintiff's contractual rights.

## LEGAL BASIS AND PRECEDENT

88. The conduct described above mirrors established precedent supporting claims for breach of the implied covenant of good faith and fair dealing. In **Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342 (1992),** the California Supreme Court reaffirmed that a party's attempt to frustrate the other party's contractual benefits constitutes bad faith, regardless of whether the conduct technically complies with the express terms of the contract.

89. Defendant's failure to disclose critical financial information, coupled with deliberate misrepresentation of royalty terms, aligns with the ruling in **Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999),** where the court held that

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 32

self-dealing and concealment of material facts to undermine contract benefits breached the implied covenant.

90. Similarly, in **Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003),** the court recognized that entertainment industry contracts often give rise to fiduciary-like duties, holding that record companies must deal fairly with artists and provide transparent accounting of royalties. Defendant's failure to accurately report or pay Plaintiff's royalties parallels the misconduct addressed in Wolf.

91. Defendant's refusal to account for Plaintiff's royalties and its unjustified classification of Plaintiff's works as "works made for hire" also reflects bad faith conduct described in **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010).** In that case, the Ninth Circuit found that reinterpreting royalty provisions to deprive artists of their fair share constituted a breach of the implied covenant.

## DAMAGES AND HARM RESULTING FROM BREACH

92. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the following damages:

a. **Significant financial loss** due to unpaid royalties, misappropriated revenues, and improper cross-collateralization;

b. **Loss of master recordings,** which Defendant continues to exploit unlawfully;

c. **Emotional distress and reputational harm** caused by Defendant's bad faith concealment of Plaintiff's rightful earnings;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 33

d. **Loss of future earnings,** as Plaintiff's inability to reclaim his masters prevents him from capitalizing on the commercial value of his catalog; and

e. **Legal expenses and audit costs** incurred in efforts to secure proper accounting and redress Defendant's misconduct.

93. Plaintiff is entitled to compensatory damages for the full value of unpaid royalties and misappropriated funds, as well as punitive damages for Defendant's deliberate and willful misconduct.

94. Plaintiff further seeks **rescission of the relevant agreements** under California Civil Code § 1689, as Defendant's fraudulent conduct and ongoing bad faith breach the core intent and purpose of the contracts.

95. Plaintiff is entitled to pre-judgment interest, attorneys' fees, and costs incurred as a result of this litigation, consistent with California law and the contractual terms governing Plaintiff's agreements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. **Compensatory damages** for all unpaid royalties, licensing revenues, and diverted funds, in an amount to be determined at trial;

b. **Punitive damages** for Defendant's intentional and malicious breach of the implied covenant;

c. **Injunctive relief** restraining Defendant from further unauthorized exploitation of Plaintiff's

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 34

works;

d. **Return of master recordings** and recognition of Plaintiff's ownership rights;

e. **Full accounting and disgorgement of profits** obtained through Defendant's wrongful conduct;

f. **Rescission of contracts** that have been breached in bad faith; and

g. Any further relief the Court deems just and proper.

**FIFTH CAUSE OF ACTION**

**(Accounting – Against UMG and DOES 1-20)**

96. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

97. Plaintiff entered into a series of recording, production, and licensing agreements with UMG's predecessor entities, including Capitol Records and Polygram Records, beginning in 1979. These agreements governed the exploitation of Plaintiff's musical works, outlining royalty structures and compensation terms.

98. Under the terms of these agreements, Plaintiff is entitled to periodic royalty payments and detailed accountings reflecting the sales, licensing, and distribution of his works, including but not limited to:

a. Physical album sales (vinyl, cassette, CD);

b. Digital sales and downloads;

c. Streaming revenue from platforms such as Spotify, Apple Music, and Amazon;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 35

d. Licensing of Plaintiff's works for film, television, and commercial use; and

e. International sales and royalties collected from foreign affiliates.

99. Despite Plaintiff's full performance under the agreements, Defendant UMG, as successor-in-interest to Capitol Records and Polygram Records, has:

a. Failed to provide complete and accurate royalty statements;

b. Concealed licensing agreements and derivative use of Plaintiff's works;

c. Engaged in unauthorized cross-collateralization, sweeping royalties from the fully recouped Rene & Angela joint account to cover unrecouped balances in Plaintiff's solo account;

d. Improperly categorized royalty earnings as suspense or black box funds, delaying or withholding rightful payments; and

e. Refused Plaintiff's requests for audits and accountings to verify the accuracy of royalty calculations.

**LEGAL OBLIGATION TO ACCOUNT**

100.    As a contractual party receiving and managing royalties on Plaintiff's behalf, Defendant UMG owes Plaintiff a duty to render full and transparent accountings for all revenues derived from Plaintiff's works. This duty arises under both the express terms of the agreements and the implied covenant of good faith and fair dealing.

101.    The obligation to account for royalties and licensing revenues is further supported by California law, which recognizes the duty to provide financial transparency in

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 36

fiduciary-like relationships within the entertainment industry. In **Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003),** the court held that a record label's failure to account for royalties owed to an artist constituted actionable misconduct, emphasizing the heightened duty of fairness and accountability in royalty agreements.

102.    Defendant's refusal to provide accountings also constitutes a breach of statutory obligations under the **California Labor Code § 2855,** which mandates timely payment and accounting for services rendered in the entertainment industry.

## PATTERN OF MISMANAGEMENT AND FRAUDULENT CONCEALMENT

103.    Defendant's conduct reflects a deliberate pattern of mismanagement and concealment aimed at depriving Plaintiff of the benefits of his creative work. UMG's actions include:

a. Providing incomplete royalty statements that omit revenues from streaming, international sales, and licensing deals;

b. Failing to liquidate reserves or suspense accounts within the contractually mandated period (typically three accounting cycles);

c. Concealing third-party licensing and synchronization deals for Plaintiff's works, resulting in lost income;

d. Repeatedly returning royalty checks under false pretenses, claiming Plaintiff's whereabouts were unknown despite ongoing communication between the parties; and

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 37

e. Delaying audits and denying access to accounting portals that would allow Plaintiff to trace funds from the inception of the agreements.

104.    In **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010)**, the Ninth Circuit addressed similar conduct in which record labels manipulated royalty definitions to reduce payments to artists. The court found in favor of the artist, holding that ambiguous or deceptive accounting practices could not justify depriving the artist of their contractual rights.

105.    Defendant's misclassification of funds as suspense royalties aligns with the fraudulent conduct described in **Lazar v. Superior Court, 12 Cal. 4th 631 (1996)**, where the California Supreme Court held that fraudulent concealment of material facts—including the mismanagement of financial assets—constituted an actionable tort.

## PLAINTIFF'S DEMAND FOR ACCOUNTING

106.    Plaintiff has made multiple formal demands for accounting and audit rights, including but not limited to:

a. Written correspondence requesting access to royalty portals and detailed sales reports;

b. Legal notices demanding a full breakdown of revenues from digital streaming, international sales, and licensing; and

c. Direct meetings, including a 2023 Zoom conference, where Defendant admitted to sweeping royalties into unrelated accounts but failed to provide supporting documentation.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 38

107.    To date, Defendant has refused to comply with these demands, frustrating Plaintiff's ability to verify the accuracy of royalty payments and assess the full extent of his financial damages.

108.    Plaintiff alleges that Defendant's continued refusal to account constitutes unjust enrichment, as UMG retains funds that rightfully belong to Plaintiff. This conduct entitles Plaintiff to both compensatory damages and disgorgement of profits, consistent with the ruling in **Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016),** which upheld the principle that copyright holders are entitled to recover profits wrongfully obtained by infringers.

**NECESSITY FOR JUDICIAL INTERVENTION**

109.    Defendant is in sole possession of the records and information necessary to provide a complete accounting of Plaintiff's earnings. Without judicial intervention, Plaintiff is unable to access critical financial data, verify Defendant's royalty calculations, or recover the full value of unpaid funds.

110.    Plaintiff has no adequate remedy at law, as the precise amount of royalties owed can only be ascertained through a comprehensive judicial accounting process.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. An order compelling Defendant to provide a full and complete accounting of all revenues

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 39

derived from Plaintiff's works, including:

i. Physical and digital sales;

ii. Streaming royalties;

iii. Licensing and synchronization deals;

iv. International royalties and foreign collections; and

v. Suspense and black box accounts;

b. Disgorgement of all profits unlawfully retained by Defendant;

c. Payment of any and all unpaid royalties identified through the accounting process;

d. Pre-judgment and post-judgment interest;

e. Attorneys' fees and costs incurred in bringing this action; and

f. Such other relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION**

**(Declaratory Relief – Against UMG and DOES 1-20)**

111.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

112.    An actual, present, and justiciable controversy has arisen and now exists between Plaintiff and Defendant UMG concerning Plaintiff's rights to the royalties, master recordings, and intellectual property arising from the agreements entered into with Capitol Records (1979) and Polygram Records (1987), which UMG acquired as successor-in-interest.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 40

113.    Plaintiff contends that:

a. UMG's classification of Plaintiff's master recordings as "works made for hire" is invalid and unenforceable under the Copyright Act (17 U.S.C. § 101), which does not recognize sound recordings as qualifying under the statutory categories for works made for hire;

b. UMG's continued retention of Plaintiff's master recordings beyond the statutory period of 35 years constitutes a violation of Plaintiff's termination rights under 17 U.S.C. § 203 and § 304(c);

c. UMG's cross-collateralization of royalties between Plaintiff's joint and solo accounts is impermissible under the clear terms of the recording agreements, which expressly prohibit the application of past earnings to unrelated obligations; and

d. UMG's failure to provide full accounting and payment of streaming and digital royalties violates Plaintiff's contractual rights and constitutes unjust enrichment.

**RIGHT TO DECLARATORY RELIEF**

114.    Plaintiff seeks a judicial declaration affirming that:

a. Plaintiff retains ownership and copyright interests in the master recordings that became eligible for reversion under the Copyright Act beginning in 2014, following the 35-year statutory period from the original 1979 and 1980s releases of Rene & Angela's works;

b. Defendant UMG's refusal to return Plaintiff's master recordings and continued exploitation of these works is unlawful and constitutes ongoing copyright infringement;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 41

c. Defendant's application of royalties from the Rene & Angela joint account to Moore's solo debts constitutes a breach of contract and violates established case law, including **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010)**; and

d. Plaintiff is entitled to a full and transparent accounting of all revenues, licensing deals, and streaming royalties associated with his works, including those withheld as suspense or black box royalties.

## LEGAL BASIS FOR DECLARATORY RELIEF

115.    A judicial determination is necessary to resolve these controversies and clarify the respective rights and obligations of the parties. Defendant's ongoing refusal to recognize Plaintiff's copyright termination rights, coupled with the systemic concealment of revenues, constitutes a direct violation of Plaintiff's rights under the Copyright Act and California contract law.

116.    In **Marcus v. ABC Network, Inc., 695 F. Supp. 2d 1017 (C.D. Cal. 2010),** the court held that artists retain the right to challenge unlawful "work for hire" designations that conflict with federal copyright law, reinforcing the necessity of declaratory relief to protect intellectual property rights.

117.    Additionally, in **Heckmann v. Ahmanson, 168 Cal. App. 3d 119 (1985),** the court emphasized that declaratory relief is appropriate where a party seeks to prevent ongoing contractual violations and secure future rights. Plaintiff's claim mirrors this

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 42

principle, as UMG's conduct represents a continuing infringement upon Plaintiff's financial interests and intellectual property rights.

118.    Defendant's refusal to recognize Plaintiff's termination rights, provide accountings, and relinquish the master recordings constitutes bad faith and necessitates declaratory relief to prevent further harm.

## PLAINTIFF'S DEMANDS FOR RESOLUTION

119.    Plaintiff has made multiple demands for UMG to:

a. Cease unlawful exploitation of his master recordings;

b. Provide a comprehensive accounting of all profits derived from streaming, licensing, and physical sales; and

c. Return the master recordings to Plaintiff pursuant to his statutory right of termination.

120.    Despite these demands, Defendant has refused to acknowledge Plaintiff's legal claims, requiring the intervention of this Court to declare the parties' respective rights and obligations.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. A judicial declaration that:

i. Plaintiff's master recordings are not "works made for hire" under the Copyright Act (17 U.S.C. § 101);

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 43

ii. Plaintiff's right to terminate UMG's rights to his master recordings under 17 U.S.C. § 203 and § 304(c) is valid and enforceable;

iii. UMG's cross-collateralization of royalties between the Rene & Angela joint account and Plaintiff's solo accounts constitutes a breach of contract; and

iv. Plaintiff is entitled to full and accurate accountings for all revenues derived from the exploitation of his works.

b. An order compelling UMG to cease all unauthorized exploitation of Plaintiff's works, including sales, streaming, and licensing;

c. An injunction requiring UMG to return the master recordings to Plaintiff immediately;

d. An order granting Plaintiff access to all accounting records, royalty portals, and licensing agreements associated with his works from inception;

e. Costs of suit, including reasonable attorneys' fees; and

f. Such other and further relief as the Court deems just and proper.

**SEVENTH CAUSE OF ACTION**

**(Fraudulent Concealment – Against UMG and DOES 1-20)**

121.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

122.    Defendant Universal Music Group, Inc. ("UMG"), as successor-in-interest to Capitol Records and Polygram Records, intentionally concealed material facts related to

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 44

royalties, master recordings, licensing agreements, and cross-collateralization practices from Plaintiff.

123.    UMG had a fiduciary and contractual duty to disclose accurate accounting records, revenue streams, and the status of Plaintiff's royalty accounts. Despite this obligation, UMG engaged in fraudulent practices designed to withhold monies owed to Plaintiff, misrepresent financial reports, and suppress information about Plaintiff's intellectual property.

124.    Defendant's concealment was deliberate, malicious, and intended to deprive Plaintiff of his rightful earnings and intellectual property, resulting in significant financial harm.

### ELEMENTS OF FRAUDULENT CONCEALMENT

125.    The essential elements of fraudulent concealment under California law, as articulated in **Lazar v. Superior Court, 12 Cal. 4th 631 (1996),** include:

a. Concealment or suppression of a material fact;

b. A duty to disclose the fact to the plaintiff;

c. Intent to defraud by the defendant;

d. Justifiable reliance by the plaintiff; and

e. Resulting damages.

126.    Defendant concealed the following material facts from Plaintiff:

a. The full extent of revenue generated from Plaintiff's master recordings through

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 45

streaming services, licensing, digital downloads, and international sales;

b. The unlawful cross-collateralization of royalties from the Rene & Angela joint account to Plaintiff's unrelated solo accounts;

c. The existence of licensing agreements and sync placements that utilized Plaintiff's recordings without his knowledge; and

d. The allocation of royalties to "black box" suspense accounts, falsely claiming Plaintiff's whereabouts were unknown.

127.    Defendant UMG had a duty to disclose these facts to Plaintiff based on the fiduciary nature of their relationship. As Plaintiff's recording partner, UMG was obligated to account fully and transparently for all earnings derived from the exploitation of Plaintiff's works.

128.    In **Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003),** the California Court of Appeal held that royalty mismanagement and concealment of financial data by entertainment companies could constitute fraudulent concealment when such actions harm the artist's financial interests.

129.    UMG's failure to disclose material information deprived Plaintiff of the ability to protect his economic interests, enforce contractual rights, and recover unpaid royalties.

**PATTERN OF FRAUDULENT CONDUCT**

130.    Defendant's fraudulent concealment reflects a systemic pattern of misconduct spanning decades. Specific acts of concealment include:

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 46

a. Refusing to provide full access to UMG's royalty portals despite Plaintiff's repeated demands for accountings;

b. Falsely claiming that Plaintiff's royalties were allocated to suspense accounts due to a lack of contact information, despite ongoing communication between Plaintiff and UMG representatives;

c. Misrepresenting the ownership status of Plaintiff's master recordings by falsely asserting they were "works made for hire" under the Copyright Act, despite clear statutory language to the contrary;

d. Concealing the financial benefits UMG derived from licensing Plaintiff's works for films, television, and advertisements; and

e. Engaging in a series of royalty "sweeps" to offset Plaintiff's solo account deficits with revenues from the Rene & Angela joint account, in direct violation of contractual terms.

### CASE LAW AND LEGAL BASIS

131.    The California Supreme Court, in **Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999),** affirmed that fraudulent business practices that deceive or harm competitors and consumers can give rise to claims for fraudulent concealment under California's Unfair Competition Law (UCL).

132.    Similarly, in **Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003),** the court clarified that fraudulent conduct designed to deprive another party of monetary gains justifies the imposition of disgorgement and restitution.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 47

133. Plaintiff contends that UMG's fraudulent concealment of royalties, licensing deals, and master recording ownership constitutes unlawful, fraudulent, and unfair conduct under California law.

**JUSTIFIABLE RELIANCE**

134. Plaintiff reasonably relied on UMG to provide accurate accountings, comply with contractual terms, and manage Plaintiff's intellectual property in good faith. As UMG maintained exclusive control over Plaintiff's financial records and licensing agreements, Plaintiff had no independent means to verify the accuracy of Defendant's statements and disclosures.

135. Plaintiff's reliance was justified by the longstanding contractual relationship between the parties and UMG's superior access to royalty data, licensing arrangements, and sales reports.

136. Had Plaintiff been made aware of the concealed facts, he would have taken immediate legal action to enforce his rights, terminate the wrongful exploitation of his works, and recover unpaid royalties.

**DAMAGES ARISING FROM CONCEALMENT**

137. As a direct and proximate result of Defendant's fraudulent concealment, Plaintiff has suffered substantial damages, including:

a. Unpaid and underpaid royalties estimated to exceed millions of dollars;

b. Loss of master recordings and associated intellectual property rights;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 48

c. Diminished financial security and reputational harm due to the lack of control over his catalog; and

d. Emotional distress arising from Defendant's systemic betrayal of trust and bad-faith conduct.

138.    Plaintiff seeks actual, consequential, and punitive damages pursuant to **California Civil Code § 3294**, which authorizes punitive damages for fraudulent, oppressive, or malicious conduct.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Compensatory damages in an amount to be proven at trial;

b. Punitive damages pursuant to California Civil Code § 3294;

c. Disgorgement of profits unlawfully derived from the exploitation of Plaintiff's works;

d. An order requiring UMG to provide full accountings of all revenues generated from Plaintiff's works from inception to the present;

e. A constructive trust over any funds or property derived from Defendant's fraudulent conduct;

f. Attorneys' fees and costs of suit; and

g. Such other and further relief as the Court deems just and proper.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 49

**EIGHTH CAUSE OF ACTION**

**(Unjust Enrichment – Against UMG and DOES 1-20)**

139.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

140.    Defendant Universal Music Group, Inc. ("UMG"), as successor-in-interest to Capitol Records and Polygram Records, has unjustly retained benefits and profits derived from the exploitation of Plaintiff's creative works without providing adequate compensation to Plaintiff.

141.    Defendant's retention of these profits violates equitable principles of fairness and justice, as the royalties and licensing revenues owed to Plaintiff were intentionally withheld, concealed, and misappropriated for Defendant's benefit.

142.    UMG unlawfully profited from the reproduction, distribution, licensing, and performance of Plaintiff's works, while failing to remit royalties, provide accurate accountings, or disclose licensing agreements.

143.    Plaintiff fully performed his obligations under the artist agreements with Capitol Records and Polygram Records, delivering recordings and fulfilling all promotional and performance duties. Defendant's enrichment, therefore, was not the result of any failure or breach by Plaintiff but was due to Defendant's bad faith and fraudulent conduct.

**ELEMENTS OF UNJUST ENRICHMENT**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 50

144.    The essential elements of unjust enrichment under California law, as articulated in **Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583 (2008),** require:

a. Receipt of a benefit by the defendant; and

b. Unjust retention of the benefit at the expense of the plaintiff.

145.    Defendant received substantial financial benefits through:

a. The commercial exploitation of Plaintiff's master recordings via streaming platforms such as Spotify, Apple Music, and Amazon Music;

b. Licensing Plaintiff's works for films, television, and advertisements without proper disclosure or royalty payment;

c. Engaging in cross-collateralization practices that shifted Plaintiff's earnings from one account to cover unrelated debts from future contracts, contrary to the terms of the relevant agreements; and

d. Retaining funds from international and domestic sales of Plaintiff's catalog without distributing Plaintiff's rightful share.

146.    UMG's unjust enrichment resulted from its knowing misrepresentation and suppression of material facts regarding Plaintiff's royalty entitlements and ownership rights over master recordings.

147.    In **Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677 (9th Cir. 2009),** the Ninth Circuit held that a party may be unjustly enriched when it benefits from the labor or property of another without adequate compensation, even in the absence of an express

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 51

contractual breach. Here, UMG benefited from Plaintiff's artistic contributions but intentionally withheld rightful compensation.

148.     Defendant's conduct reflects a willful and systemic effort to deprive Plaintiff of economic value derived from his intellectual property, constituting unjust enrichment under established legal precedent.

**DEFENDANT'S KNOWLEDGE AND BAD FAITH**

149.     Defendant was fully aware that its actions in withholding royalties, failing to liquidate reserves, and engaging in unauthorized cross-collateralization were wrongful and contrary to industry standards.

150.     In **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010)**, the court ruled that record labels' manipulation of royalty structures to minimize artist payouts constitutes unjust enrichment when such conduct lacks contractual authorization. Plaintiff's claims parallel this case, as UMG engaged in similarly deceptive accounting practices.

151.     Plaintiff relied on Defendant's representations and ongoing fiduciary duty to manage his royalties and intellectual property fairly. Defendant's failure to disclose material information and remit owed funds further solidifies its unjust enrichment.

152.     By misrepresenting royalty earnings, withholding master recordings, and failing to account for digital revenue streams, Defendant profited at Plaintiff's expense, which constitutes inequitable conduct warranting judicial intervention.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 52

## LACK OF ADEQUATE REMEDY AT LAW

153.    Plaintiff has no adequate remedy at law to fully compensate for the harm caused by Defendant's unjust enrichment, as monetary damages alone cannot remedy the ongoing exploitation of Plaintiff's intellectual property or the deprivation of his master recordings.

154.    In addition to monetary restitution, Plaintiff seeks equitable relief, including the imposition of a constructive trust over all revenues generated by Defendant from the use, licensing, and distribution of Plaintiff's works.

155.    Plaintiff also seeks disgorgement of all profits unlawfully retained by Defendant, reflecting the full scope of the financial benefits derived from Defendant's exploitation of Plaintiff's catalog.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Restitution of all profits wrongfully retained by Defendant as a result of the exploitation of Plaintiff's works;

b. Disgorgement of all revenues derived from the unauthorized use, licensing, and distribution of Plaintiff's master recordings;

c. Imposition of a constructive trust over Defendant's assets derived from the unlawful withholding of royalties and licensing proceeds;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 53

d. An order for full accounting and disclosure of all licensing agreements, sync placements, and revenue streams related to Plaintiff's works;

e. Injunctive relief preventing Defendant from further exploiting Plaintiff's works without full and accurate royalty payments;

f. Attorneys' fees and costs of suit; and

g. Such other and further relief as the Court deems just and equitable.

**NINTH CAUSE OF ACTION**

**(Intentional Misrepresentation – Against UMG and DOES 1-20)**

156.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

157.    Defendant Universal Music Group, Inc. ("UMG"), through its agents, officers, and representatives, knowingly and intentionally misrepresented material facts to Plaintiff regarding the payment of royalties, ownership of master recordings, and cross-collateralization practices.

158.    Defendant falsely asserted that all royalties from Plaintiff's works were properly calculated and disbursed according to the terms of the artist agreements with Capitol Records (1979) and Polygram Records (1987).

159.    In truth, Defendant systematically underreported royalties, concealed revenue from digital streaming and international sales, and engaged in unauthorized cross-collateralization of Plaintiff's earnings to offset unrelated debts.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 54

160.    Defendant's misrepresentations were made with the intent to induce Plaintiff to forgo legal action, delay audits, and refrain from challenging Defendant's continued exploitation of his intellectual property.

161.    Defendant's conduct constitutes intentional misrepresentation, fraud, and deceit under **California Civil Code §§ 1709-1710.**

**ELEMENTS OF INTENTIONAL MISREPRESENTATION**

162.    Under California law, a claim for intentional misrepresentation requires:

a. A false representation of material fact;

b. Knowledge of its falsity (scienter);

c. Intent to induce reliance;

d. Justifiable reliance by the plaintiff; and

e. Resulting damages.

163.    Defendant knowingly made false representations regarding:

a. The accurate accounting of royalties earned from Plaintiff's catalog;

b. The status of Plaintiff's master recordings, falsely asserting that they were works made for hire under the Copyright Act (17 U.S.C. § 101), which excludes sound recordings from this designation;

c. The application of cross-collateralization, misrepresenting the terms of the contracts to justify improper offsets; and

d. The completeness and accuracy of accounting statements provided to Plaintiff.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 55

164.    Defendant knew that these representations were false and misleading at the time they were made.

165.    In **Lazar v. Superior Court, 12 Cal. 4th 631 (1996),** the California Supreme Court established that fraudulent misrepresentation in business dealings, particularly where fiduciary obligations exist, gives rise to substantial damages, including punitive damages.

166.    Plaintiff reasonably relied on Defendant's misrepresentations, believing that the royalty calculations and accounting practices complied with the contractual obligations and industry standards.

167.    As a result of Defendant's misrepresentations, Plaintiff refrained from pursuing legal remedies or demanding full accountings during periods in which substantial underpayments and unauthorized withholdings occurred.

## DEFENDANT'S KNOWLEDGE AND INTENT

168.    Defendant, acting through its executives and accounting personnel, knew or should have known that its statements regarding royalties and accounting practices were false.

169.    Defendant's intent was to:

a. Conceal profits derived from Plaintiff's intellectual property;

b. Prolong the wrongful retention of Plaintiff's royalties by shifting funds into suspense accounts or misclassifying earnings as unrecouped;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 56

c. Prevent Plaintiff from exercising his rights to reclaim master recordings under the Copyright Act's termination provisions; and

d. Induce Plaintiff to accept reduced payments, forego audits, and continue performing under inequitable terms.

170.    In **Lovejoy v. AT&T Corp., 119 Cal. App. 4th 151 (2004),** the court held that intentional misrepresentation regarding financial obligations constitutes actionable fraud, even where contract provisions attempt to limit liability. Defendant's conduct mirrors this precedent, warranting judicial intervention.

## JUSTIFIABLE RELIANCE BY PLAINTIFF

171.    Plaintiff reasonably relied on Defendant's repeated assurances that all royalty payments were accurate and complete.

172.    Defendant provided manipulated and incomplete royalty statements, fostering Plaintiff's reliance on the belief that no further action was necessary.

173.    Plaintiff, unaware of the concealed licensing agreements and unauthorized revenue streams, had no reason to doubt the accuracy of the royalty reports provided by Defendant until subsequent independent reviews exposed the fraudulent misrepresentations.

174.    Plaintiff's reliance was reasonable given Defendant's fiduciary obligations and the long-standing relationship between the parties.

## DAMAGES SUFFERED BY PLAINTIFF

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 57

175.     As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff has suffered:

a. Loss of significant royalty income from domestic and international sales, digital streaming, and licensing;

b. Loss of ownership rights to master recordings that Plaintiff is entitled to reclaim;

c. Emotional distress and reputational harm due to Defendant's exploitation of Plaintiff's works without proper credit or compensation; and

d. Ongoing financial harm resulting from Defendant's refusal to fully account for profits derived from Plaintiff's works.

176.     In **Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979 (2004),** the California Supreme Court held that fraudulent misrepresentation causing economic harm may justify the award of both compensatory and punitive damages.

177.     Plaintiff seeks punitive damages to deter Defendant from continuing its pattern of fraudulent conduct and to compensate Plaintiff for the egregious and malicious nature of Defendant's misrepresentations.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Compensatory damages, including all unpaid royalties and profits derived from Defendant's exploitation of Plaintiff's works;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 58

b. Restitution for funds wrongfully withheld due to fraudulent accounting practices;

c. Disgorgement of all profits derived from the unauthorized use of Plaintiff's intellectual property;

d. An order compelling Defendant to provide full and transparent accounting records dating back to the inception of the contracts;

e. Punitive damages in an amount sufficient to punish Defendant and deter future misconduct;

f. Injunctive relief preventing Defendant from further exploiting Plaintiff's works without full and accurate accounting;

g. Attorneys' fees and costs of suit; and

h. Such other and further relief as the Court deems just and equitable.

**TENTH CAUSE OF ACTION**

**(Negligent Misrepresentation – Against UMG and DOES 1-20)**

178.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

179.    Defendant Universal Music Group, Inc. ("UMG"), through its agents, officers, and employees, negligently misrepresented material facts regarding the calculation and payment of royalties, the ownership of Plaintiff's master recordings, and the application of cross-collateralization.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 59

180. Defendant represented to Plaintiff that royalties were accurately calculated, that all licensing revenues were fully reported, and that Plaintiff's master recordings were properly classified as "works made for hire" under the Copyright Act (17 U.S.C. § 101).

181. Defendant knew, or should have known through the exercise of reasonable care, that these representations were false.

182. At all relevant times, Defendant was in a superior position to know the true facts concerning Plaintiff's royalties, master recordings, and the revenues generated by Plaintiff's works, but negligently disregarded its duty to provide truthful and accurate information to Plaintiff.

183. Defendant owed Plaintiff a duty to exercise reasonable care in the preparation and provision of royalty statements, financial reports, and contractual representations because of the contractual relationship between the parties and Defendant's control over Plaintiff's intellectual property and earnings.

184. This duty arose under general principles of California law and was further amplified by the fiduciary nature of the artist-label relationship, as established in **Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003),** which recognized the fiduciary obligations of record labels to account for and distribute royalties accurately.

185. Defendant breached this duty by negligently failing to ensure that:

a. Royalty statements provided to Plaintiff reflected the full scope of sales, licensing, and streaming revenues;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 60

b. Cross-collateralization was applied strictly in accordance with the terms of the Capitol Records (1979) and Polygram Records (1987) agreements; and

c. The classification of Plaintiff's master recordings as "works made for hire" complied with the statutory requirements of the Copyright Act.

186.    Defendant's failure to exercise reasonable care resulted in significant underpayments, unauthorized deductions, and the concealment of revenues derived from Plaintiff's works.

## ELEMENTS OF NEGLIGENT MISREPRESENTATION

187.    Under California law, a cause of action for negligent misrepresentation requires:

a. A misrepresentation of material fact;

b. Without reasonable grounds for believing it to be true;

c. With intent to induce reliance;

d. Justifiable reliance by the plaintiff; and

e. Resulting damage.

188.    Defendant's misrepresentations included but were not limited to:

a. Representations that Plaintiff's master recordings were exempt from termination rights due to their classification as "works made for hire";

b. Assertions that revenue from streaming platforms and international sales was accurately accounted for and distributed;

c. Representations that cross-collateralization of royalties from the Rene & Angela joint

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 61

account was authorized under the terms of the Polygram Records agreement; and

d. Statements that all reserves and suspense account funds were properly liquidated and disbursed.

189.    Defendant's misrepresentations were made without adequate investigation or due diligence, failing to account for the evolving nature of digital distribution and the rights afforded to artists under the Copyright Act's termination provisions.

**JUSTIFIABLE RELIANCE BY PLAINTIFF**

190.    Plaintiff justifiably relied on Defendant's misrepresentations because of the long-standing contractual relationship between the parties, the complexity of royalty accounting, and Defendant's superior access to information regarding sales, licensing, and distribution.

191.    Plaintiff had no reason to doubt the accuracy of Defendant's statements until independent audits revealed significant discrepancies and underreporting.

192.    In **Bily v. Arthur Young & Co., 3 Cal. 4th 370 (1992),** the California Supreme Court held that justifiable reliance in negligent misrepresentation claims can arise where the defendant occupies a position of trust and exercises superior knowledge over the relevant subject matter. Defendant's exclusive control over royalty reporting and accounting placed it in such a position of trust.

193.    Plaintiff's reliance on Defendant's misrepresentations caused him to forgo legal action, delay audits, and continue fulfilling contractual obligations under false pretenses,

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 62

resulting in financial harm and the loss of opportunities to reclaim ownership of his master recordings.

**DAMAGES SUFFERED BY PLAINTIFF**

194. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered substantial economic damages, including but not limited to:

a. Unpaid royalties from domestic and international sales;

b. Lost profits from streaming, licensing, and synchronization opportunities;

c. Improper retention of master recordings that Plaintiff is entitled to reclaim under the Copyright Act; and

d. Incidental and consequential damages stemming from the misclassification of Plaintiff's works and the unauthorized cross-collateralization of royalties.

195. In **Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226 (2007),** the court recognized that negligent misrepresentation can result in liability where the misstatements directly deprive the plaintiff of financial benefits or lead to unjust enrichment of the defendant.

196. Plaintiff seeks compensatory damages, restitution, and injunctive relief to remedy Defendant's ongoing negligent misrepresentations and prevent further harm.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 63

a. Compensatory damages equal to all unpaid royalties and profits derived from the unauthorized use of Plaintiff's works;

b. Restitution of funds unlawfully withheld by Defendant;

c. Disgorgement of profits derived from Defendant's negligent misrepresentations;

d. An order compelling Defendant to provide full and transparent accounting records from the inception of the relevant contracts;

e. Injunctive relief prohibiting Defendant from continuing to exploit Plaintiff's intellectual property without accurate and complete accounting;

f. Attorneys' fees and costs of suit; and

g. Such other and further relief as the Court deems just and proper.

**ELEVENTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty – Against UMG and DOES 1-20)**

197.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

198.    Defendant Universal Music Group, Inc. ("UMG"), by virtue of its longstanding contractual relationship, control over royalty accounting, and management of Plaintiff's intellectual property, owed Plaintiff fiduciary duties, including the duty to act in good faith, disclose material information, and account fully and accurately for profits derived from the exploitation of Plaintiff's works.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 64

199.    A fiduciary relationship exists where one party places trust and confidence in another regarding matters in which the other party has superior knowledge or control, as recognized by the California Court of Appeal in **Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003)**, which established that fiduciary duties arise in artist-label relationships, particularly where the label is entrusted with the collection and distribution of royalties.

200.    Defendant voluntarily assumed fiduciary responsibilities through its control over the exploitation of Plaintiff's works, management of royalty accounts, and administration of rights associated with Plaintiff's master recordings.

201.    Defendant exercised discretionary power over:

a. Calculating and distributing royalties;

b. Licensing Plaintiff's works to third parties for synchronization and streaming;

c. Managing suspense accounts and black box royalties;

d. Controlling the classification and reversion of Plaintiff's master recordings; and

e. Cross-collateralizing Plaintiff's royalty earnings.

202.    Defendant owed Plaintiff the following fiduciary duties:

a. The duty to disclose material facts concerning royalty calculations, licensing, and revenue generation;

b. The duty to avoid self-dealing and conflicts of interest;

c. The duty to refrain from misappropriating Plaintiff's earnings for Defendant's benefit; and

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 65

d. The duty to accurately and transparently account for all revenues derived from Plaintiff's intellectual property.

**BREACH OF FIDUCIARY DUTY**

203. Defendant breached its fiduciary duty by engaging in the following conduct:

a. Unlawfully cross-collateralizing royalties from the fully recouped Rene & Angela account to offset unrelated solo obligations of Plaintiff, contrary to the terms of the Polygram Records agreement;

b. Concealing licensing revenues derived from streaming services, international sales, and remastered editions of Plaintiff's works;

c. Failing to remit full royalty payments by misclassifying earnings, placing them in suspense accounts, or transferring funds to general revenue;

d. Misrepresenting the classification of Plaintiff's master recordings as "works made for hire" under 17 U.S.C. § 101 to deny Plaintiff reversionary rights;

e. Failing to account for and liquidate reserve funds as required by contract; and

f. Refusing to provide transparent financial accounting and documentation despite Plaintiff's repeated demands.

204. Defendant's failure to disclose material information and unauthorized manipulation of royalties constitutes self-dealing and conflicts of interest, further exacerbating the breach of fiduciary duties.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 66

205.    In **Michelson v. Hamada, 29 Cal. App. 4th 1566 (1994),** the court emphasized that misappropriation and concealment of funds by a fiduciary constitutes a breach of duty, warranting restitution, disgorgement, and punitive damages.

206.    Defendant's conduct reflects an ongoing pattern of mismanagement and concealment, directly harming Plaintiff's financial interests and violating the trust placed in Defendant as the exclusive administrator of Plaintiff's intellectual property.

207.    Defendant's actions were not isolated incidents but part of a broader scheme to misappropriate earnings and deny Plaintiff the benefits of his creative works, mirroring the conduct found actionable in **F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958 (9th Cir. 2010),** where the court found the record label's misinterpretation of royalty provisions to be in bad faith.

**DAMAGES AND INJURY TO PLAINTIFF**

208.    As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has suffered substantial damages, including but not limited to:

a. Unpaid royalties from domestic and international sales;

b. Lost licensing revenues from streaming and synchronization;

c. Unauthorized deductions from Plaintiff's royalties through unlawful cross-collateralization;

d. Retention of master recordings that Plaintiff is entitled to reclaim under the Copyright Act; and

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 67

e. Emotional distress and reputational harm resulting from Defendant's fraudulent and deceptive practices.

209.    Defendant's concealment of royalties and self-dealing has deprived Plaintiff of substantial earnings over multiple decades, unjustly enriching Defendant at Plaintiff's expense.

210.    Plaintiff is entitled to restitution, disgorgement of all profits derived from Defendant's breach, and a constructive trust over revenues improperly withheld or misappropriated by Defendant.

## PUNITIVE DAMAGES

211.    Defendant's conduct was fraudulent, oppressive, and malicious, warranting the imposition of punitive damages to deter future misconduct. In **Taylor v. Superior Court, 24 Cal. 3d 890 (1979),** the California Supreme Court held that punitive damages are appropriate where fiduciaries act with conscious disregard for the rights of others.

212.    Defendant's willful and intentional disregard of its fiduciary duties to Plaintiff justifies an award of punitive damages to punish Defendant for its unlawful conduct and deter future violations.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Full restitution of all royalties, licensing revenues, and profits wrongfully withheld or

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 68

misappropriated by Defendant;

b. Disgorgement of all profits derived from Defendant's self-dealing and misappropriation of Plaintiff's intellectual property;

c. An order establishing a constructive trust over all funds, master recordings, and assets derived from Plaintiff's works;

d. An accounting and audit of all revenues generated by Plaintiff's works from the inception of the agreements;

e. Compensatory damages for all financial losses suffered by Plaintiff;

f. Punitive damages in an amount sufficient to punish Defendant for its willful breach of fiduciary duty;

g. Attorneys' fees and costs of suit; and

h. Such other and further relief as the Court deems just and proper.

**TWELFTH CAUSE OF ACTION**

**(Conversion – Against UMG and DOES 1-20)**

213.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

214.    Defendant Universal Music Group, Inc. ("UMG"), through its unlawful conduct, has wrongfully exercised dominion and control over Plaintiff's property, including but not limited to:

a. Royalties generated from the sales, streaming, and licensing of Plaintiff's musical

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 69

works;

b. Master recordings created under Plaintiff's contracts with Capitol Records and Polygram Records;

c. Funds placed in suspense accounts or categorized as "black box" royalties; and

d. Licensing and synchronization fees derived from Plaintiff's compositions and recordings.

215. Plaintiff had a rightful and immediate ownership interest in the royalties, master recordings, and revenue derived from his works.

216. Defendant's unauthorized actions in withholding, misappropriating, and diverting Plaintiff's royalties and funds constitute conversion under California law.

217. In **Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202 (2014),** the California Court of Appeal held that conversion extends to intangible assets, including royalties and revenue, when there is a clear right of ownership and the defendant exercises wrongful control over such assets.

218. Defendant unlawfully retained possession of Plaintiff's master recordings by falsely designating them as "works made for hire" and failing to honor Plaintiff's reversionary rights under 17 U.S.C. § 203 and § 304(c), which entitle authors to reclaim ownership 35 years after initial publication.

219. Defendant further concealed the existence of black box royalties, withheld licensing fees, and intentionally returned royalty checks under the pretext that Plaintiff's

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 70

whereabouts were unknown, despite having active contact with Plaintiff's legal representatives.

## UNAUTHORIZED CROSS-COLLATERALIZATION

220.    Defendant engaged in unlawful cross-collateralization by sweeping royalties from the fully recouped Rene & Angela joint account to offset unrecouped balances from Plaintiff's unrelated solo accounts.

221.    This practice, conducted without Plaintiff's consent or contractual authorization, violated Plaintiff's exclusive right to the royalties derived from the Rene & Angela works.

222.    Defendant's conduct mirrors the facts in **Enterprise Leasing Corp. v. Shugart Corp., 231 F.3d 777 (11th Cir. 2000),** where the court found that diversion of funds and misapplication of earnings constituted actionable conversion.

223.    Defendant knowingly and intentionally deprived Plaintiff of the use, enjoyment, and ownership of the converted property, resulting in significant financial harm.

## FAILURE TO RETURN MASTER RECORDINGS

224.    Plaintiff's master recordings became eligible for copyright reversion in 2014 under the Copyright Act's termination provisions. Despite Plaintiff's formal notice invoking his termination rights, Defendant has refused to return the master recordings or cease their exploitation.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 71

225.     Defendant's continued possession and commercial exploitation of Plaintiff's masters constitute conversion, as it deprives Plaintiff of his statutory ownership rights and the financial benefits associated with the recordings.

226.     The Ninth Circuit in **Marcus v. ABC Network, Inc., 695 F. Supp. 2d 1017 (C.D. Cal. 2010),** recognized that retention of intellectual property in violation of reversion rights under the Copyright Act constitutes conversion and entitles the rightful owner to recover damages.

227.     Plaintiff contends that Defendant's refusal to relinquish ownership of the master recordings is intentional, fraudulent, and conducted in bad faith, depriving Plaintiff of millions of dollars in licensing fees, streaming revenues, and reissue profits.

**INJURY AND DAMAGES TO PLAINTIFF**

228.     As a direct and proximate result of Defendant's conversion, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Lost royalties from sales, streaming, and international distribution of Plaintiff's works;

b. Lost licensing and synchronization fees from third-party usage of Plaintiff's compositions;

c. Loss of control over Plaintiff's master recordings and intellectual property; and

d. Emotional distress and reputational harm resulting from Defendant's willful misconduct.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 72

229.     Plaintiff is entitled to recover the full value of the converted property, along with interest, attorneys' fees, and costs of suit.

230.     In **Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003),** the Ninth Circuit held that the measure of damages for conversion includes the fair market value of the property at the time of conversion, plus consequential damages resulting from the defendant's unlawful conduct.

## PUNITIVE DAMAGES

231.     Defendant's conduct was fraudulent, oppressive, and malicious, warranting an award of punitive damages to punish Defendant and deter similar misconduct in the future.

232.     The California Supreme Court in **Taylor v. Superior Court, 24 Cal. 3d 890 (1979),** upheld punitive damages for conversion where the defendant acted with conscious disregard for the rights of others.

233.     Defendant's persistent refusal to return Plaintiff's master recordings, despite clear statutory obligations under the Copyright Act, demonstrates willful and malicious intent to deprive Plaintiff of his property and financial interests.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. The immediate return of all master recordings and intellectual property rightfully belonging to

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 73

Plaintiff;

b. Compensatory damages for the full value of all royalties, licensing fees, and intellectual property converted by Defendant;

c. Disgorgement of profits earned by Defendant through the unauthorized exploitation of Plaintiff's works;

d. An accounting and audit of all revenues derived from Plaintiff's musical works;

e. Punitive damages in an amount sufficient to deter future conversion and punish Defendant for its wrongful conduct;

f. Prejudgment and post-judgment interest as permitted by law;

g. Attorneys' fees and costs of suit; and

h. Such other and further relief as the Court deems just and proper.

**THIRTEENTH CAUSE OF ACTION**

**(Constructive Trust – Against UMG and DOES 1-20)**

234.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

235.    Defendant Universal Music Group, Inc. ("UMG") has wrongfully and unjustly retained possession of property and assets that rightfully belong to Plaintiff, including but not limited to:

a. Royalties generated from Plaintiff's musical works;

b. Master recordings produced under Plaintiff's agreements with Capitol Records and

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 74

Polygram Records;

c. Licensing fees, synchronization fees, and profits from the unauthorized exploitation of Plaintiff's works; and

d. Funds withheld in suspense accounts, black box royalties, and misclassified revenues.

236.    Defendant's continued retention of these assets has resulted in unjust enrichment and deprived Plaintiff of the use, enjoyment, and financial benefits of his intellectual property.

237.    Plaintiff asserts that Defendant's conduct constitutes fraudulent misappropriation, self-dealing, and bad faith, creating grounds for the imposition of a constructive trust over the wrongfully retained property.

**ELEMENTS OF CONSTRUCTIVE TRUST**

238.    A constructive trust is warranted under California law when the following elements are established:

a. **Existence of Property** – Plaintiff has a clear and identifiable interest in the royalties, master recordings, and licensing fees that are currently held by Defendant.

b. **Rightful Ownership** – Plaintiff is the rightful owner of the property, having created and produced the works that generate ongoing revenue.

c. **Unjust Enrichment** – Defendant has wrongfully retained profits and earnings from Plaintiff's works, depriving Plaintiff of his rightful compensation.

d. **Injustice or Fraud** – Defendant's wrongful conduct, including fraudulent concealment

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 75

and unauthorized cross-collateralization, necessitates the return of the misappropriated property.

239.    In **Heckmann v. Ahmanson, 168 Cal. App. 3d 119 (1985),** the California Court of Appeal held that a constructive trust may be imposed to prevent unjust enrichment where the defendant's acquisition of property is wrongful or inequitable.

240.    Plaintiff contends that Defendant's acquisition and continued retention of royalties, master recordings, and profits from Plaintiff's works were obtained through fraudulent means, including:

a. Misrepresentation of Plaintiff's contractual rights;

b. Concealment of revenue derived from streaming, licensing, and synchronization deals;

c. False classification of Plaintiff's master recordings as "works made for hire" in violation of the Copyright Act (17 U.S.C. § 101); and

d. Cross-collateralization of Plaintiff's fully recouped royalties against unrelated solo accounts without contractual authorization.

241.    Defendant's refusal to relinquish Plaintiff's master recordings, despite the termination rights afforded under 17 U.S.C. § 203 and § 304(c), constitutes further evidence of unjust enrichment and necessitates the imposition of a constructive trust.

**APPLICABLE CASE LAW**

242.    In **Kamei v. Bank of America, 67 Cal. App. 4th 27 (1998),** the court emphasized that a constructive trust may be imposed to compel the return of

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 76

misappropriated funds or assets, even in cases involving intangible property such as royalties and intellectual property.

243.    The Ninth Circuit in **Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003),** affirmed the application of constructive trusts to digital and intangible assets, holding that wrongful retention of property through fraud or bad faith justifies the equitable remedy of a constructive trust.

244.    Defendant's fraudulent conduct parallels the circumstances in **Kremen,** wherein the wrongful retention of property deprived the rightful owner of substantial financial benefits, necessitating judicial intervention to prevent further harm.

## MASTER RECORDINGS AND COPYRIGHT TERMINATION

245.    Plaintiff asserts that Defendant's continued possession and commercial exploitation of Plaintiff's master recordings violate Plaintiff's termination rights under the Copyright Act. Plaintiff's works recorded in 1979 and the early 1980s became eligible for termination in 2014. Despite Plaintiff's formal notice of termination, Defendant has refused to return the master recordings.

246.    Defendant's wrongful retention of these master recordings, coupled with the profits generated through ongoing exploitation, constitutes unjust enrichment and requires the imposition of a constructive trust to compel the return of Plaintiff's intellectual property.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 77

247.    In **Marcus v. ABC Network, Inc., 695 F. Supp. 2d 1017 (C.D. Cal. 2010)**, the court recognized the necessity of returning intellectual property wrongfully retained by corporate entities in violation of the Copyright Act, reinforcing Plaintiff's claim for the return of his master recordings.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Imposition of a constructive trust over all royalties, master recordings, and intellectual property derived from Plaintiff's works that are wrongfully retained by Defendant;

b. An order compelling Defendant to transfer ownership of the master recordings to Plaintiff pursuant to 17 U.S.C. § 203 and § 304(c);

c. Disgorgement of all profits obtained by Defendant through the unauthorized use and exploitation of Plaintiff's intellectual property;

d. An accounting of all revenues, fees, and profits derived from Plaintiff's works from inception to present;

e. Restitution for all withheld royalties, black box funds, and suspense accounts misappropriated by Defendant;

f. Prejudgment and post-judgment interest as permitted by law;

g. Attorneys' fees and costs of suit; and

h. Such other and further relief as the Court deems just and proper.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 78

**FOURTEENTH CAUSE OF ACTION**

**(Rescission – Against UMG and DOES 1-20)**

248.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

249.    This cause of action is brought pursuant to California Civil Code §§ 1688-1693, which authorize the rescission of contracts based on fraud, material breach, undue influence, and failure of consideration.

250.    Defendant Universal Music Group, Inc. ("UMG") engaged in fraudulent conduct, misrepresentation, and systemic breach of contractual obligations, warranting the rescission of all agreements between Plaintiff and Defendant relating to the production, distribution, and licensing of Plaintiff's musical works.

251.    Plaintiff asserts that the Artist Agreement with Capitol Records (1979) and the Recording and Licensing Agreement with Polygram Records (1987) are voidable due to the following wrongful conduct:

a. Fraudulent concealment of royalties derived from the sale, streaming, and licensing of Plaintiff's works;

b. Misrepresentation of the ownership and classification of Plaintiff's master recordings as "works made for hire" in violation of 17 U.S.C. § 101;

c. Unlawful cross-collateralization of royalties from Plaintiff's joint Rene & Angela

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 79

account against unrelated solo artist accounts; and

d. Failure to provide accurate accounting, liquidate reserves, and release royalty payments in accordance with the contractual terms.

## GROUNDS FOR RESCISSION

252. Under California Civil Code § 1689(b), a contract may be rescinded if it is procured by fraud, material misrepresentation, or undue influence, or if there is a failure of consideration. Plaintiff asserts that Defendant's actions meet all these criteria.

253. **Fraudulent Inducement and Concealment** – Defendant knowingly misrepresented the classification of Plaintiff's master recordings as "works made for hire" to deprive Plaintiff of ownership rights, resulting in fraudulent retention of royalties and licensing profits.

a. In **Lazar v. Superior Court, 12 Cal. 4th 631 (1996),** the California Supreme Court upheld the right to rescind contracts where fraudulent misrepresentation induced the plaintiff to enter into or continue performance under the contract.

b. Defendant concealed licensing agreements and streaming revenues from Plaintiff, misrepresenting the financial performance of Plaintiff's works, constituting fraudulent inducement under California law.

254. **Material Breach of Contract** – Defendant's failure to pay royalties, misclassification of master recordings, and unauthorized application of cross-collateralization constitute material breaches that undermine the essence of the

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 80

agreements.

a. In **Brown v. Grimes, 192 Cal. App. 4th 265 (2011),** the court held that material breaches of contract by one party justify rescission by the non-breaching party.

b. Defendant's refusal to provide transparent accounting and willful misappropriation of funds constitutes a substantial breach warranting rescission.

255.    **Failure of Consideration** – Defendant failed to uphold the promises and obligations outlined in the agreements, including fair compensation, proper accounting, and timely payment of royalties. The failure to fulfill these obligations renders the agreements unenforceable.

a. **Runyan v. Pacific Air Industries, Inc., 2 Cal. 3d 304 (1970),** supports rescission where consideration fails due to the other party's failure to perform contractual obligations.

b. Defendant's retention of royalties and unauthorized reclassification of funds deprived Plaintiff of the benefits of the agreements, resulting in a complete failure of consideration.

## INFRINGEMENT OF TERMINATION RIGHTS

256.    Plaintiff asserts that Defendant's continued possession of Plaintiff's master recordings, despite the expiration of the 35-year termination window under 17 U.S.C. § 203 and § 304(c), constitutes grounds for rescission.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 81

257.    Plaintiff's works created and released in 1979 and the early 1980s became eligible for termination starting in 2014. Defendant's refusal to relinquish rights or cease exploitation of these works amounts to a violation of federal copyright law.

258.    In **Marcus v. ABC Network, Inc., 695 F. Supp. 2d 1017 (C.D. Cal. 2010)**, the court recognized that wrongful classification of works as "works made for hire" may result in rescission and the return of intellectual property rights to the rightful owner.

259.    Plaintiff asserts that rescission is necessary to correct the wrongful designation of Plaintiff's master recordings and to restore Plaintiff's ownership rights over his intellectual property.

## ONGOING HARM AND NECESSITY FOR RESCISSION

260.    Defendant's fraudulent concealment, continued misappropriation of Plaintiff's royalties, and refusal to return master recordings have resulted in significant and ongoing financial harm to Plaintiff.

261.    Plaintiff is entitled to rescind the agreements to prevent further exploitation and secure full ownership rights over his musical works.

262.    Defendant's ongoing exploitation of Plaintiff's works, including unauthorized re-releases, streaming, and digital remastering, exacerbates the harm to Plaintiff and necessitates immediate rescission.

## APPLICABLE CASE LAW

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 82

263. In **Gavaldon v. DaimlerChrysler Corp., 32 Cal. 4th 1246 (2004)**, the California Supreme Court reaffirmed the principle that rescission is appropriate where a party is misled or deprived of the benefits of a contract through fraudulent conduct or breach of duty.

264. Defendant's conduct mirrors the factual circumstances in **Gavaldon,** as Plaintiff has been deprived of the financial benefits of his agreements through Defendant's misrepresentation and breach.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. An order rescinding all agreements between Plaintiff and Defendant relating to the production, distribution, and licensing of Plaintiff's musical works;

b. Return of all master recordings and intellectual property derived from Plaintiff's works;

c. Disgorgement of all profits obtained by Defendant through unauthorized use and exploitation of Plaintiff's works;

d. Full restitution of royalties, licensing fees, and revenues withheld or misappropriated by Defendant;

e. An injunction preventing Defendant from further exploiting Plaintiff's works;

f. Prejudgment and post-judgment interest as permitted by law;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 83

g. Attorneys' fees and costs of suit; and

h. Such other and further relief as the Court deems just and proper.

**FIFTEENTH CAUSE OF ACTION**

**(Violation of California Business and Professions Code § 17200 – Unfair Competition – Against UMG and DOES 1-20)**

265.     Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

266.     This cause of action is brought pursuant to **California Business and Professions Code § 17200 et seq.**, known as the **Unfair Competition Law ("UCL")**, which prohibits any unlawful, unfair, or fraudulent business act or practice.

267.     Defendant Universal Music Group, Inc. ("UMG"), through the acts and omissions described herein, engaged in unlawful, unfair, and fraudulent business practices by:

a. Failing to pay royalties owed to Plaintiff in connection with the exploitation of Plaintiff's musical works;

b. Misrepresenting the classification of Plaintiff's master recordings as "works made for hire" in violation of 17 U.S.C. § 101;

c. Concealing licensing agreements, third-party deals, and revenue generated from streaming, synchronization, and international sales of Plaintiff's works;

d. Cross-collateralizing Plaintiff's royalties from fully recouped joint accounts to offset unrelated solo account debts in direct violation of contractual terms;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 84

e. Withholding accurate royalty statements and engaging in deceptive accounting practices;

f. Failing to liquidate reserve funds and unjustifiably categorizing royalties as "black box" funds despite Plaintiff's established presence and ongoing communications;

g. Continuing to exploit Plaintiff's master recordings after the statutory 35-year termination period under the Copyright Act, depriving Plaintiff of his rights to reclaim ownership.

## UNLAWFUL BUSINESS PRACTICES

268.    Defendant's conduct violates multiple state and federal statutes, including but not limited to:

a. **Copyright Act, 17 U.S.C. §§ 101, 106, 501** – Defendant infringed upon Plaintiff's exclusive rights by unlawfully reproducing, distributing, and profiting from Plaintiff's works;

b. **California Civil Code §§ 1689(b), 1709-1710** – Defendant's fraudulent misrepresentation, concealment, and bad faith dealings regarding royalty payments and accounting practices constitute unlawful acts;

c. **California Commercial Code §§ 9310-9317** – Defendant misappropriated funds owed to Plaintiff by diverting royalties into unauthorized accounts and failing to liquidate reserves;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 85

**d. California Labor Code § 2856** – Defendant breached fiduciary obligations by failing to act in the best interest of Plaintiff, as required in contractual and agency relationships.

## UNFAIR BUSINESS PRACTICES

269.    Defendant's business practices were unfair because they:

a. Violated established industry standards regarding royalty payments and accounting transparency;

b. Provided UMG with an unfair competitive advantage by denying Plaintiff revenue streams to which he was contractually and legally entitled;

c. Harmed Plaintiff by creating financial instability through the unlawful withholding of royalties and misclassification of earnings;

d. Disrupted the marketplace by permitting Defendant to continue exploiting Plaintiff's works without compensation, undermining Plaintiff's ability to monetize his intellectual property.

270.    Defendant's unfair practices caused significant economic harm to Plaintiff by denying him access to his rightful earnings and intellectual property, ultimately hindering his professional endeavors.

## FRAUDULENT BUSINESS PRACTICES

271.    Defendant engaged in fraudulent business practices by intentionally concealing material facts related to the licensing, distribution, and streaming of Plaintiff's works. Defendant knowingly misrepresented:

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 86

a. The status of Plaintiff's royalties by failing to disclose complete sales figures and international earnings;

b. The scope of cross-collateralization practices, falsely claiming that such conduct was permitted under the terms of the contracts;

c. The application of "works made for hire" provisions to Plaintiff's master recordings, contradicting statutory definitions under the Copyright Act.

272.    Defendant's misrepresentations were intended to mislead Plaintiff, prevent Plaintiff from reclaiming his master recordings, and enable Defendant to continue profiting from Plaintiff's works without lawful justification.

273.    In **Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003)**, the California Supreme Court held that disgorgement of profits obtained through unfair or fraudulent business practices is an available remedy under the UCL. Plaintiff seeks disgorgement of all profits UMG wrongfully obtained through its unlawful, unfair, and fraudulent practices.

## HARM AND DAMAGE TO PLAINTIFF

274.    As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct, Plaintiff has suffered significant economic losses, including:

a. Loss of past and future royalties;

b. Deprivation of master recordings and ownership rights;

c. Inability to monetize his works through independent licensing and distribution

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 87

channels;

d. Emotional distress and reputational harm resulting from Defendant's bad faith conduct.

275. Defendant's conduct, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**APPLICABLE CASE LAW**

276. In **Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163 (1999),** the California Supreme Court clarified that any conduct violating the letter or spirit of the law is actionable under the UCL. UMG's pattern of royalty concealment, misclassification of Plaintiff's works, and failure to honor termination rights directly violates the spirit of California's contract and copyright protections.

277. Additionally, in **State Farm Fire & Casualty Co. v. Superior Court, 45 Cal. App. 4th 1093 (1996),** the court held that acts of concealment or misrepresentation in financial transactions constitute fraudulent business practices under the UCL. UMG's withholding of royalty statements and diversion of Plaintiff's earnings fit squarely within this precedent.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Disgorgement of all profits earned by Defendant through unlawful, unfair, and fraudulent business practices related to Plaintiff's musical works;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 88

b. Full restitution of royalties, licensing fees, and profits wrongfully withheld from Plaintiff;

c. Injunctive relief prohibiting Defendant from further exploitation of Plaintiff's works without proper accounting and payment of royalties;

d. Declaratory relief invalidating the misclassification of Plaintiff's master recordings as "works made for hire";

e. An order compelling UMG to provide full accounting records of all profits generated from Plaintiff's works from inception to present;

f. Prejudgment and post-judgment interest as permitted by law;

g. Attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5; and

h. Such other and further relief as the Court deems just and proper.

**SIXTEENTH CAUSE OF ACTION**

**(Quantum Meruit – Against UMG and DOES 1-20)**

278.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

279.    This cause of action is brought under the common law doctrine of **quantum meruit**, which provides for the recovery of the reasonable value of services rendered when a contract for payment exists or can be implied by the circumstances.

280.    Plaintiff provided valuable services to Defendant Universal Music Group, Inc. ("UMG") in the form of songwriting, recording, producing, and performing musical

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 89

works that were subsequently distributed, licensed, and exploited by UMG for significant profit.

281.     Plaintiff's services were rendered with the reasonable expectation that he would receive compensation in the form of royalties, licensing fees, and advances, as expressly stated or implied under the agreements between Plaintiff and UMG's predecessors (Capitol Records and Polygram Records).

282.     Defendant knowingly accepted the benefits of Plaintiff's services, including the continuous and ongoing revenue generated from the sale, distribution, streaming, and licensing of Plaintiff's musical works.

283.     Despite Plaintiff's full performance of all obligations under the agreements, UMG failed to properly compensate Plaintiff by:

a. Withholding royalties due from sales, streaming, and licensing;

b. Cross-collateralizing Plaintiff's royalties to offset unrelated debts, depriving Plaintiff of his rightful earnings;

c. Exploiting Plaintiff's works in new digital formats, including streaming and downloads, without accounting for or remitting appropriate payments;

d. Concealing licensing agreements and international revenues generated from Plaintiff's works; and

e. Continuing to distribute and profit from Plaintiff's works after the statutory 35-year

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 90

termination period, in direct violation of Plaintiff's rights under the **Copyright Act (17 U.S.C. §§ 203, 304(c)).**

284.    Defendant's wrongful conduct resulted in UMG receiving substantial economic benefits at Plaintiff's expense, constituting unjust enrichment.

285.    Plaintiff is entitled to the reasonable value of his services, which have generated millions of dollars in revenue for Defendant over the course of several decades.

**CASE LAW SUPPORT**

286.    In **Huskinson & Brown, LLP v. Wolf, 32 Cal. 4th 453 (2004),** the California Supreme Court held that even in the absence of a valid written agreement, parties may recover compensation for services rendered if there is an implied expectation of payment. Plaintiff's contributions to UMG's catalog reflect substantial services that confer benefit and necessitate fair compensation.

287.    Furthermore, in **Earhart v. William Low Co., 25 Cal. 3d 503 (1979),** the court affirmed that a party who provides services at the request of another, and in reliance on implied or express promises of payment, may recover the reasonable value of those services under quantum meruit.

288.    Plaintiff's case parallels this precedent, as UMG explicitly and implicitly requested Plaintiff's creative services over the years, generating substantial profits while systematically underpaying or withholding royalties owed to Plaintiff.

**UNJUST ENRICHMENT AND FAILURE TO PAY**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 91

289.     Plaintiff's services directly contributed to UMG's profitability and market dominance. However, Defendant's refusal to pay the reasonable value of Plaintiff's services constitutes unjust enrichment.

290.     Plaintiff alleges that Defendant acted with **malice and conscious disregard** for Plaintiff's rights by misappropriating Plaintiff's earnings, concealing key financial information, and misrepresenting the terms of royalty agreements.

291.     Defendant's exploitation of Plaintiff's works through unauthorized re-releases, remasters, and streaming reflects a pattern of behavior aimed at maximizing profits at Plaintiff's expense.

292.     As a result of UMG's conduct, Plaintiff has suffered financial harm, including:

a. Loss of significant royalty income;

b. Deprivation of earnings from streaming and digital sales;

c. Harm to Plaintiff's marketability and ability to profit from his intellectual property independently.

## INAPPLICABILITY OF "WORK FOR HIRE" DESIGNATION

293.     Plaintiff further asserts that UMG's misclassification of Plaintiff's master recordings as "works made for hire" does not bar his claims for quantum meruit. The **Copyright Act (17 U.S.C. § 101)** excludes sound recordings from the categories of works that can be designated as "works made for hire," supporting Plaintiff's right to compensation for ongoing use of his intellectual property.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 92

294.     Defendant's continued refusal to compensate Plaintiff aligns with legal principles discussed in **Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016),** which upheld the principle of full disgorgement for profits derived from unauthorized use of copyrighted works.

## DAMAGES

295.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to the reasonable value of the services rendered and restitution for the unjust enrichment Defendant received.

296.     Plaintiff seeks:

a. Full compensation for the reasonable value of Plaintiff's services provided to UMG;

b. Disgorgement of profits derived from the exploitation of Plaintiff's works;

c. Prejudgment and post-judgment interest as allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. Award of damages representing the reasonable value of services rendered by Plaintiff;

b. Restitution and disgorgement of all profits obtained by Defendant through the wrongful use of Plaintiff's works;

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 93

c. Prejudgment and post-judgment interest as permitted by law;

d. Attorneys' fees and costs pursuant to **California Code of Civil Procedure § 1021.5** and other applicable statutes; and

e. Such other and further relief as the Court deems just and proper.

**EIGHTEENTH CAUSE OF ACTION**

**(Punitive Damages – Against UMG and DOES 1-20)**

314.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

315.    This cause of action seeks punitive damages against Defendant Universal Music Group, Inc. ("UMG") for its fraudulent, oppressive, and malicious conduct in exploiting Plaintiff's intellectual property, withholding royalties, engaging in cross-collateralization, and concealing material information in violation of Plaintiff's rights.

316.    Defendant's conduct constitutes willful, wanton, and malicious disregard of Plaintiff's legal rights. Defendant acted intentionally and with full knowledge that its actions would cause substantial harm to Plaintiff by depriving him of royalties, withholding master recordings, and misrepresenting critical contractual obligations.

317.    **Legal Standard for Punitive Damages:**

Under **California Civil Code § 3294(a),** punitive damages are available where the defendant is guilty of oppression, fraud, or malice. These terms are defined as:

a. **Malice** – Conduct intended to cause injury or despicable conduct carried on with

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 94

willful and conscious disregard for the rights or safety of others;

b. **Oppression** – Despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of their rights;

c. **Fraud** – An intentional misrepresentation, deceit, or concealment of material fact known to the defendant with the intent to deprive a person of property or legal rights or to otherwise cause injury.

318.    Defendant's fraudulent misrepresentation of royalty obligations, failure to provide accurate accountings, and wrongful claim of "works made for hire" status over Plaintiff's master recordings represent despicable and intentional misconduct that warrants punitive damages.

319.    In **Taylor v. Superior Court, 24 Cal. 3d 890 (1979),** the California Supreme Court held that punitive damages may be awarded in cases involving malicious misconduct, even if the harm inflicted is primarily economic. UMG's actions align with the principles outlined in Taylor, as Defendant deliberately misappropriated Plaintiff's earnings to maximize corporate profits.

320.    Plaintiff contends that UMG's conduct, including fraudulent concealment of royalty earnings, sweeping royalties into unrelated accounts, and continuous exploitation of Plaintiff's works without authorization, constitutes clear evidence of malice and oppression under § 3294.

**Specific Allegations of Malicious Conduct:**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 95

321.    Defendant intentionally concealed licensing deals, digital streaming revenue, and international sales from Plaintiff, misrepresenting material facts regarding royalty payments.

322.    Defendant engaged in systemic and unauthorized cross-collateralization by applying royalties from Plaintiff's fully recouped Rene & Angela account to unrelated solo accounts, directly violating contractual terms.

323.    UMG knowingly retained royalties owed to Plaintiff by placing funds into suspense or "black box" accounts, falsely claiming Plaintiff's whereabouts were unknown despite active communication between the parties.

324.    Defendant's refusal to return Plaintiff's master recordings under the pretense of "works made for hire" demonstrates malicious intent to deprive Plaintiff of his property rights, despite the **Copyright Act (17 U.S.C. § 101)** expressly excluding sound recordings from the definition of works made for hire.

325.    In **Kwan v. Mercedes-Benz of N. Am., Inc., 23 Cal. App. 4th 174 (1994),** the court emphasized that punitive damages are appropriate when a defendant's deceit results in economic harm. Plaintiff's case mirrors this precedent, as UMG's fraudulent and deceptive conduct resulted in significant financial losses.

**Pattern of Misconduct and Concealment:**

326.    Defendant's actions reflect a long-standing pattern of fraudulent misrepresentation and bad faith conduct. Over the years, UMG consistently

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 96

misrepresented sales data, concealed royalty earnings, and withheld contractual payments.

327.    Despite repeated demands for accounting and full transparency, UMG deliberately delayed or refused to provide the necessary records, further exacerbating Plaintiff's financial harm.

328.    Defendant's internal communications, which will be revealed during discovery, are expected to demonstrate that UMG acted with knowledge of its fraudulent conduct and intentionally concealed profits derived from Plaintiff's works.

**Irreparable Harm and Public Interest:**

329.    UMG's continued exploitation of Plaintiff's intellectual property causes ongoing irreparable harm, warranting punitive damages to deter similar misconduct in the future.

330.    Public interest favors the imposition of punitive damages to hold record companies accountable for fraudulent conduct that deprives artists of their rightful earnings.

331.    In **Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999),** the California Supreme Court underscored the need to deter unfair and fraudulent business practices through substantial punitive awards.

**Defendant's Financial Condition:**

332.    Defendant is one of the largest and most profitable entities in the global music industry, with substantial financial resources and assets. The imposition of punitive

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 97

damages is necessary to ensure that Defendant does not view fraudulent conduct as a profitable business strategy.

333.    In **Adams v. Murakami, 54 Cal. 3d 105 (1991),** the California Supreme Court emphasized that punitive damages must be significant enough to deter future misconduct, taking into account the defendant's wealth and ability to absorb financial penalties.

334.    Plaintiff seeks punitive damages sufficient to punish Defendant and deter future misconduct consistent with the principles set forth in Adams.

**RELIEF REQUESTED:**

WHEREFORE, Plaintiff prays for judgment against Defendant UMG and DOES 1-20 as follows:

a. For punitive damages in an amount to be determined at trial;

b. For an award of treble damages under the **Copyright Act (17 U.S.C. § 504(c)(2))** based on Defendant's willful infringement;

c. For disgorgement of all profits derived from Defendant's unauthorized exploitation of Plaintiff's works;

d. For prejudgment and post-judgment interest at the maximum rate permitted by law;

e. For costs of suit and reasonable attorneys' fees pursuant to **California Code of Civil Procedure § 1021.5;**

f. For such other and further relief as the Court deems just and proper.

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 98

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Universal Music Group, Inc. ("UMG") and DOES 1-20, inclusive, as follows:

**1. General and Special Damages:**

a. For compensatory damages according to proof at trial, including all unpaid royalties, advances, and other sums rightfully owed to Plaintiff from the inception of the agreements;

b. For restitution of all funds wrongfully withheld by Defendant through fraudulent concealment, misrepresentation, and cross-collateralization;

**2. Disgorgement and Treble Damages:**

a. For full disgorgement of profits derived by Defendant from the unauthorized use, reproduction, distribution, and exploitation of Plaintiff's copyrighted works;

b. For treble damages pursuant to **17 U.S.C. § 504(b)** for Defendant's willful and malicious infringement of Plaintiff's intellectual property rights;

**3. Statutory and Punitive Damages:**

a. For statutory damages under **17 U.S.C. § 504(c)(2),** including enhanced damages for willful copyright infringement;

b. For punitive damages under **California Civil Code § 3294** for Defendant's fraudulent, malicious, and oppressive conduct;

**4. Declaratory and Injunctive Relief:**

a. For a declaratory judgment establishing that Plaintiff is the rightful owner of all master

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 99

recordings created under the Capitol Records (1979) and Polygram Records (1987) agreements;

b. For an order requiring Defendant to return all master recordings and copyrights wrongfully withheld under the false pretense of "works made for hire;"

c. For a permanent injunction restraining Defendant from continuing to exploit Plaintiff's works without proper authorization and accounting;

**5. Accounting and Inspection of Records:**

a. For a full and complete accounting of all royalties, licensing fees, and revenues generated by Plaintiff's works from the inception of the contracts to the present date;

b. For an order compelling Defendant to provide access to all financial records, royalty statements, and relevant documents necessary to verify Plaintiff's entitlement to payment;

**6. Contractual Remedies:**

a. For rescission of all contracts between Plaintiff and Defendant based on fraudulent concealment, material breach, and failure to perform in good faith;

b. For reformation of the agreements to accurately reflect Plaintiff's rights and entitlement to royalties in new formats, including streaming and digital distribution;

**7. Attorneys' Fees and Costs:**

a. For reasonable attorneys' fees and costs of suit incurred herein pursuant to **17 U.S.C. § 505, California Civil Code § 1717, and California Code of Civil Procedure § 1021.5;**

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 100

**8. Interest:**

a. For prejudgment and post-judgment interest at the maximum legal rate permitted under California and federal law;

**9. Further Relief:**

a. For such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to **Rule 38(b) of the Federal Rules of Civil Procedure,** Plaintiff hereby demands a trial by jury on all issues triable of right by jury.

Dated: August 6th , 2025

**Dated:** August 6th 2025

_____

Plaintiff Rene Moore

COMPLAINT FOR:1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)2. REMEDY OF DISGORGEMENT (ALL PROFITS FROM INCEPTION AND TREBLE DAMAGES)3. BREACH OF CONTRACT4. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING5. ACCOUNTING6. DECLARATORY RELIEF7. FRAUDULENT CONCEALMENT8. UNJUST ENRICHMENT9. INTENTIONAL MISREPRESENTATION10. NEGLIGENT MISREPRESENTATION11. BREACH OF FIDUCIARY DUTY12. CONVERSION13. CONSTRUCTIVE TRUST14. RESCISSION15. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION)16. QUANTUM MERUIT17. INJUNCTIVE RELIEF18. PUNITIVE DAMAGES - 101

# EXHIBIT

# A

IVAN RENE MOORE
1236 Redondo Blvd
Los Angeles, Ca 90019
(323) 932-9439

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVAN RENE MOORE,

    *Plaintiff/Debtor,*

vs.

WELLS FARGO ET. AL,

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Proceeding No. 2:17-CV-04828 (ODW)
(GJS)

[Hon Judge Otis Wright]

**REQUEST OF PLAINTIFF IVAN RENE
MOORE TO FILE NEW LITIGATION**

📄 **ORIGINAL**

**IVAN RENE MOORE HEREBY GIVES NOTICE**: to the Court of Ivan Rene Moore's request to file new litigation case titled Moore v UMG. On May 5th, 2017, U.S. District Court Judge Otis Wright declared Ivan Rene Moore vexatious. Thereafter Moore was required to seek approval from the United States Distrct Court to file new litigation. **(See Exhibit A Pg. 5 Lines 4-28 and Pg. 6 Lines 1-7)** The U.S. District Court Judge Wright ruled as follows:

//

//

**PRE-FILING ORDER AND RULING OF U.S. DISTRICT JUDGE OTIS WRIGHT**

The Court enters the following Pre-Filing Order against Plaintiff:

(1) Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

(2) Any case-initiating pleading submitted by Plaintiff raising any such matter(s) is presumptively barred by reason of Plaintiff's vexatious litigant status and therefore will not be filed unless: Plaintiff concurrently submits a motion seeking leave to file the pleading that sets forth adequate justification for its filing and the initiation of the new case; and a District Judge or Magistrate Judge of this Court grants such leave and directs that the pleading be filed and the new case be initiated.

(3) To effectuate this Pre-Filing Order, the Clerk of the Court: shall no longer file any case-initiating pleading of any type submitted by Plaintiff without first obtaining written authorization of a District Judge or Magistrate Judge of this Court; and shall present any case-initiating pleading of any type proffered by Plaintiff first to a District Judge or Magistrate Judge for screening review prior to filing and a determination of whether such pleading

2

falls within, or outside of, the scope of the Pre-Filing Order. Case 2:17-cv-04828-ODW-GJS Document 35 Filed 05/17/18 Page 5 of 6 Page ID #:2083

(4) Plaintiff is ordered to submit a copy of this Pre-Filing Order with any case-initiating pleading he proffers to this Court.

## PLAINTIFF MOORE'S REQUEST TO FILE NEW LITIGATION

The Plaintiff Moore's new complaint does not in any way attempt to ignore or violate the Prefiling Order requirement. Additionally, the new complaint does not interfere and or attempt to circumvent the Prefiling Order in any possible way.

The new Complaint is based on copywrite violations including infringement of copywrites and non-payment of past due artist and producers' royalties' payments and full and complete accounting due to Moore. There have never been any artist statements, or producer's royalty statements, no movie sync fees statements, no sampling income statements for over 35 plus years.

These actions constitute a clear breach of contractual terms and relevant copyright legislation. There has been no accounting or response to account requests, failure to pay the royalty obligations under the contracts that are due and remaining due to Moore for some time.

Moore has attempted in good faith to resolve these issues with Universal Music Group (UMG), but they will only allow an audit or any payments due for the last 24 months of income. UMG also requires that Moore signs an agreement to waive all prior artist fees, sync fees, sampling fees, and producers' statements of income due for the last 38 years for the right to audit UMG for 2 years only.

//

//

//

3

Moore was also a producer and songwriter on the early Janet Jackson project and has never received any producer's royalty statements or payments for that very successful project.

The UMG requests and various positions are not acceptable or reasonable terms to Moore given the large amount of Sync Fees, Sales Income, Sampling and Copywrite Income that has been generated over the past 38 plus years.

Moore was signed via contracts as a recording artist and producer at various major record labels since 1979 with much success as a recording artist and producer. For many years Moore have not received any statements and or payments as it relates to the Recording artist and producers Contracts from Universal Music Group (UMG).

UMG Music has purchased most of the recording labels that Moore has recording contract agreements, including but not limited to Capitol Records, Polygram Records and Mercury Records as well as others. I have attempted for years to get a full and complete accounting as well as statements from UMG with no success.

Therefore, based on the forgoing Plaintiff Rene Moore in this matter I respectfully submits this new Complaint for approval to be filed in the United States District Court Central District Los Angeles California.

This complaint filing is necessary and mandates that the various Federal questions to be adjudicated on the merits in a Federal Court of law. **(See Exhibit B New Complaint Requested to be filed)**

Dated: August 6th, 2025

Respectfully Submitted

Rene Moore Plaintiff

4

## CERTIFICATE OF MAILING

I hereby certified that on this 6th day of August 2025, I placed a true and correct copy of the foregoing.

### IVAN RENE MOORE'S REQUEST TO FILE NEW LITIGATION

in the United States mail, postage prepaid, addressed to parties on the attached service list:

**Respectfully Submitted**

Ivan Rene Moore

5

**PROOF OF SERCVICE**

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On **August 6ᵗʰ , 2025**, I served the following document:

**RENE MOORE'S REQUEST TO FILE NEW LITIGATION**

On the party listed below:

**SEE SERVICE LIST**

[X]    BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[  ]    BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

[X]    STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[  ]    FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED:  August 6ᵗʰ  2025

Respectfully Submitted,

Stan Bethel

6

**SERVICE LIST**

**JOSHUA KENNETH PARTINGTON**
SNELL AND WILMER
600 ANTON BOULEVARD SUITE 1400
COSTA MESA, CA 92626
Attorney for Kimberly Martin-Bragg and Joshua Partington and others


**RONALD HILLS**
1236 REDONDO BLVD
LOS ANGELES, CALIFORNIA 90019

7

# EXHIBIT

# B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE,<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, et al.,<br><br>Defendants. | Case No. 2:17-cv-04828-ODW (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all pleadings, motions, and other documents filed in this action; the Report and Recommendation of United States Magistrate Judge [Dkt. 27 ("Report")]; Plaintiff's Objections to the Report [Dkt. 28]; Plaintiff's two Requests for Judicial Notice [Dkts. 29, 30]; the Reply of Defendants Wells Fargo Bank, N.A., Asset Reliance, Craig Hansen, Edward D. Testo (collectively "Bank Defendants") [Dkt. 31]; Bank Defendants' Supplemental Request for Judicial Notice [Dkt. 32]; and Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt. 33]. Defendant Gregory Barbour did not file objections or a reply. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Plaintiff's Objections appear to be an attempt to obfuscate the issues relevant to the only matters before the Court, namely, the two Dismissal Motions brought by the Bank Defendants and Defendant Barbour and the Vexatious Litigant Motion brought by the Bank Defendants. Plaintiff first reiterates his bailment theory, proffered in response to the Dismissal Motions, which constitutes a belated attempt to try out a completely new and inconsistent position with respect to Plaintiff's ownership (or lack thereof) of the personal property at issue in this action. As the Report correctly concludes, the issue of Plaintiff's ownership of the personal property at issue here already had been resolved against him repeatedly in several prior actions and, thus, is barred from re-litigation in this case by the doctrine of res judicata. Plaintiff's attempt to avoid the res judicata effect of these prior lawsuits by proffering here factual assertions that directly contradict those he made in the prior lawsuits, not only is ineffective to avoid the res judicata doctrine but raises substantial concerns under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff next objects to the Magistrate Judge's finding that a hearing on the Dismissal Motions and Vexatious Litigant Motion was not necessary [Dkts. 12, 16]. The Court finds that the procedure followed was appropriate and consistent with Local Rule 7-15. If Plaintiff believed a hearing was needed, he could have sought reconsideration from the Magistrate Judge or District Judge, but failed to do so. His belated complaint is not persuasive.

Plaintiff's position that he was "reluctant" or "hesitant" to inform the Court that he had allegedly encountered difficulty serving the U.S. Marshals Service is equally unconvincing. According to the declaration from the process server, Plaintiff attempted to serve the U.S. Marshals Service on July 12, 2017; just twelve days after the ninety-day deadline began to run under Rule 4(m). Plaintiff, therefore, had seventy-eight days after the alleged refusal of service by the U.S. Marshals Service to request assistance from the Court or to seek an extension of the Rule 4(m) deadline. Instead, Plaintiff did nothing, allowed the Rule 4(m) deadline

to expire, and then over six months later, when these Objections were filed, finally noted the issue. Given Plaintiff's active litigation in various state, federal, and bankruptcy courts—a litigation history so active that it has prompted the instant Vexatious Litigant Motion—the Court finds Plaintiff's allegation that he was hesitant to contact the Court to be wholly unpersuasive. Moreover, and as noted in the Report, given that Plaintiff's two claims against the U.S. Marshals Service are premised on a violations of 42 U.S.C. § 1983, and thus are not cognizable against this federal agency, good cause for an extension of time to serve a Defendant whose dismissal would be required simply does not exist. Accordingly, Plaintiff has failed to meet his burden of showing good cause for his failure to effect service of process on the U.S. Marshals Service and the Report did not err in concluding that this Defendant should be dismissed.

Aside from the above matters, nothing else set forth in the Objections warrants discussion, as the remainder of the Objections do not affect, alter, or call into question anything in the Report.

The Court now turns to the three Requests for Judicial Notice [Dkts 29, 30, 32]. Plaintiff's two Judicial Notice Requests [Dkts. 29, 30] are DENIED, because, while the Court may take judicial notice of court filings and other pleadings under Federal Rule of Evidence 201, the documents submitted by Plaintiff are not relevant to the two Dismissal Motions or Vexatious Litigant Motion currently pending before this Court. Rather, the court filings and pleadings proffered by Plaintiff concern a separate, closed case that is currently on appeal to the Ninth Circuit. [*See Moore v. Bragg*, C.D. Cal. Case No. 2:15-cv-8021-ODW (GJS).] The Court is not going to consider whether rulings made in a prior case were proper or not, because, at this juncture, the Ninth Circuit is the proper forum to consider issues relating to this

closed matter.[1] The Bank Defendants request that the Court judicially notice three recent bankruptcy court filings and pleadings in support of their Vexatious Litigant Motion [Dkt. 32]. This request is GRANTED, as the documents are the type of which judicial notice may be taken and are relevant to, and underscore, the reasons why the Magistrate Judge concluded that designating Plaintiff as a vexatious litigant, and issuing a pre-filing order, is appropriate.

Lastly, the Court has considered Defendants' request that the Court require Plaintiff to post a security as part of any pre-filing order to be issued. The Court declines to impose a security at this time, but notes that this issue may be revisited if circumstances change.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that:

    (1) the Report is accepted;

    (2) Defendants Wells Fargo Bank, Craig Hansen, Edward Testo, and Asset Reliance, Inc.'s Motion to Dismiss is GRANTED as follows [Dkt. 13]:

        a. the federal claim against Wells Fargo is dismissed with prejudice; and

        b. all state law claims are dismissed without prejudice.

    (3) all claims against the United Marshals Service are dismissed without prejudice;

    (4) George Barbour's Motion to Dismiss without prejudice is DENIED AS MOOT [Dkt. 10];

    (5) Defendants' Vexatious Litigant Motion [Dkt. 14] is GRANTED as set forth in the Report;

    (6) Plaintiff is hereby declared to be a vexatious litigant;

[1] Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt 33] is DENIED AS MOOT in light of the Court's ruling above.

(7) A pre filing Order shall be issued as set forth below; and

(8) Judgment shall be entered dismissing this action consistent with the foregoing.

**PRE-FILING ORDER**

The Court enters the following Pre-Filing Order against Plaintiff:

(1) Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

(2) Any case-initiating pleading submitted by Plaintiff raising any such matter(s) is presumptively barred by reason of Plaintiff's vexatious litigant status and therefore will not be filed unless: Plaintiff concurrently submits a motion seeking leave to file the pleading that sets forth adequate justification for its filing and the initiation of the new case; and a District Judge or Magistrate Judge of this Court grants such leave and directs that the pleading be filed and the new case be initiated.

(3) To effectuate this Pre-Filing Order, the Clerk of the Court: shall no longer file any case-initiating pleading of any type submitted by Plaintiff without first obtaining written authorization of a District Judge or Magistrate Judge of this Court; and shall present any case-initiating pleading of any type proffered by Plaintiff first to a District Judge or Magistrate Judge for screening review prior to filing and a determination of whether such pleading falls within, or outside of, the scope of the Pre-Filing Order.

(4) Plaintiff is ordered to submit a copy of this Pre-Filing Order with any case-initiating pleading he proffers to this Court.

**IT IS SO ORDERED.**

DATE: <u>May 17, 2018</u>

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE